Matter of S.L.L. 



TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-95-00002-CV







In the Matter of S. L. L. 








FROM THE DISTRICT COURT OF BELL COUNTY, 169TH JUDICIAL DISTRICT


NO. 144,405-C, HONORABLE EDWARD S. JOHNSON, JUDGE PRESIDING







PER CURIAM

 

 S.L.L., a juvenile, appeals the trial court's order transferring him to the
Institutional Division of the Texas Department of Criminal Justice. Tex. Hum. Res. Code Ann.
§ 61.079 (West 1990); Tex. Fam. Code Ann. § 54.11 (West Supp. 1995). (1) The order of transfer
followed the trial court's determination that S.L.L. had engaged in delinquent conduct by
committing aggravated sexual assault and its disposition sentencing him to a forty-year determinate
sentence. The order of transfer requires S.L.L. to serve the balance of his sentence under the
custody of the Department.

 In his first point of error, S.L.L. argues that he was not properly notified of the
hearing that led to the order of transfer. The trial court must notify the person to be transferred
or released under supervision of the time and place of the release hearing. Tex. Fam. Code Ann.
§ 54.11(b)(1) (West Supp. 1995). The Family Code does not specify how the juvenile is to be
notified.

 The Family Code expressly requires that a juvenile be served with a summons
before the court proceeds to adjudication or to a determination whether the juvenile court should
waive its jurisdiction and transfer a child to district court. Tex. Fam. Code §§ 53.06, 54.02(b)
(West 1986). The method by which the summons must be served is specified in section 53.07
(West 1986). The release hearing is not among the hearings that must be preceded by a summons. 
See Tex. Fam. Code § 54.11 (West 1986 & Supp. 1995).

 Barring a conflict with a provision of Title Three of the Family Code, the Texas
Rules of Civil Procedure govern juvenile proceedings. Tex. Fam. Code § 51.17 (West 1986);
e.g., In re M.R., 858 S.W.2d 365, 366 (Tex. 1993), cert. denied, 114 S.Ct. 894 (1994) (juvenile
must move for new trial to complain on appeal of factual insufficiency and juror misconduct). 
Texas Rule of Civil Procedure 21a permits any notice required by the rules to be served by
delivering a copy to the party or to the party's attorney of record. The manner of service
authorized by Rule 21a includes personal delivery, registered or certified mail to the party's last
known address, or "such other manner as the court in its discretion may direct." With regard to
transfer hearings, nothing in Title 3 of the Family Code conflicts with the methods of service
authorized by Rule 21a.

 The hearing in this cause occurred October 3, 1994. The transcript contains a
notice from the trial court dated September 13, 1994, which states that the transfer hearing is set
for October 3 at 10:15 a.m. The notice indicates that the court sent it to S.L.L. at his home
address and to the Giddings State School, where S.L.L. was then residing. The caption of the
notice identifies the transfer hearing by trial-court cause number and S.L.L.'s name. The
transcript also contains a notice from the court dated September 15, which states the date and time
of the transfer hearing; the notice likewise identifies the cause by trial-court cause number and
S.L.L.'s name. This second notice indicates that the court sent it to S.L.L. at his home address
and to S.L.L.'s appointed attorney at the attorney's proper address. Both notices are signed by
the trial court, and the court confirmed at the hearing that both letters were sent. S.L.L. adduced
no evidence that the notices were not received, either by himself or his attorney.

 The notice that the court sent to S.L.L.'s appointed attorney falls within the
methods of notice authorized by Rule 21a. Although the record does not show that this notice was
sent by certified or registered mail, it was clearly sent by a method that the court, in its discretion,
directed.

 In addition, records from the Texas Youth Commission were admitted in evidence
at the transfer hearing. A report from the Commission dated September 13, 1994, states,
"[S.L.L.] was informed this morning that his transfer hearing has been set for October 3." When
notice of a setting is required, actual notice fulfills the primary purpose of Rule 21a and, thus,
adequately satisfies it. Netherland v. Wittner, 662 S.W.2d 786, 787 (Tex. App.--Houston [1st
Dist.] 1983, writ ref'd n.r.e.). Because S.L.L. was given ample notice of the transfer hearing in
compliance with section 54.11 of the Family Code, we overrule point one.

 In his second point of error, S.L.L. complains that the trial court abused its
discretion in refusing to allow David Walenta to testify as an expert witness. S.L.L. never made
an offer of proof or bill of exception to show what the excluded evidence would have been. In
the absence of an offer of proof, this Court has no basis for reviewing S.L.L.'s complaint. Tex.
R. Civ. Evid. 103; Tex. R. App. P. 52(b); Blackburn v. Brazos Valley Utils., Inc., 777 S.W.2d
758, 760 (Tex. App.--Beaumont 1989, writ denied). We therefore overrule point two.

 We affirm the order of the trial court.


Before Chief Justice Carroll, Justices Aboussie and Jones

Affirmed

Filed: August 30, 1995

Do Not Publish

1.   The recent revisions to the Family code, effective April 20, 1995, do not affect this
section. See Act of april 6, 1995, 74th Leg., R.S., ch. 20, sec. 1, 1995 Tex. Sess. Law Serv.
113, 282 (West).