Robert Conrad PARK, M.D., F.A.C.C.; CSANT; Deanie Spurgin, R.N., M.S., F.N.P.C.; Matt J. Martin, R.N.; Martha G. Berry, R.N.; Lynda Payne; and Diana Rauschuber, Appellants,

v.

Steve LYNCH, Individually, and as Representative of the Estate of Tina Lynch, April Lynch, Loraine Cargile, and James Cargile, Appellees.

No. 05–05–01629–CV.

Court of Appeals of Texas, Dallas.

May 30, 2006.

Rehearing Overruled July 11, 2006.

David M. Walsh, IV, Chamblee & Ryan, P.C., Dallas, for Appellants.

Joshua Bernstein, Miller & Curtis LLP, and Melvin H. Wolovits, The Law Offices of Melvin H. Wolovits, Dallas, for Appellees.

Before Justices WRIGHT, MOSELEY, and LANG.

## OPINION

Opinion by Justice LANG.

Appellees Steve Lynch, individually, and as representative of the estate of Tina Lynch, April Lynch, Loraine Cargile, and James Cargile (the Lynches) originally filed a medical malpractice wrongful death lawsuit against several defendants in Denton County, Texas for their alleged failure to properly care for Tina Lynch. The Lynches later nonsuited their Denton County lawsuit and refiled in Dallas County. Appellants Robert Conrad Park, M.D., F.A.C.C.; CSANT; Deanie Spurgin, R.N., M.S., F.N.P.C.; Matt J. Martin, R.N.; Martha G. Berry, R.N.; Lynda Payne; and Diana Rauschuber (collectively the "health care providers") filed a motion to dismiss the Dallas County lawsuit, arguing that dismissal was required because more than 120 days had elapsed without an expert report. The trial court denied appellants' motion to dismiss.

On appeal, the health care providers argue that the trial court erred in denying their motion to dismiss. We have jurisdiction over this interlocutory appeal from the denial of appellants' motion to dismiss pursuant to section 51.014(a)(9) of the Texas Civil Practice and Remedies Code. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 51.014(a)(9) (Vernon 2006). We decide against appellants and affirm the trial court's order.

## I. FACTUAL AND PROCEDURAL BACKGROUND

### A. Denton County Lawsuit

On August 28, 2003, appellees filed a medical malpractice wrongful death lawsuit in Denton County against Dr. Park, the Denton Heart Group, and Nurse Practitioner Deanie Spurgin pursuant to former article 4590i of the Texas Revised Civil Statutes. *See* TEX.REV.CIV. STAT. ANN. art. 4590i, § 13.01(d) (Vernon Supp.2003), *repealed and recodified as amended* by Act of June 2, 2003, 78th Leg., R.S., ch. 204, §§ 10.01, 10.09, and 23.02(a), (d), 2003 Tex. Gen. Laws 847, 864, 884, 898–899 (available at TEX. CIV. PRAC. & REM.CODE

ANN. § 74.351 (Vernon Supp.2005)), *amended* by Acts of 2005, 79th Leg., ch. 635, § 1 (current version at TEX. CIV. PRAC. & REM.CODE ANN. § 74.351 (Vernon 2006)). The Lynches alleged the health care providers' failure to properly care for Tina Lynch resulted in her death at age 38 on November 25, 2002.

Under article 4590i, a preliminary expert report was due no later than 180 days after the health care liability claim was filed, unless altered by agreement of the parties. On January 6, 2004, the parties agreed to a moving deadline thirty days after the depositions of defendants Park and Spurgin. Counsel for the Lynches took the depositions of Park and Spurgin on December 16 and 17, 2004. According to the health care providers, the Lynches' expert report was then due on January 17, 2005. The Lynches filed their second amended petition on January 18, 2005, which added additional defendants who were allegedly involved in the failure to properly care for Tina Lynch, but did not file their expert report. Then, on January 25, 2005, the Lynches filed a motion for nonsuit without prejudice, which the Denton County trial court granted.

### B. Dallas County Lawsuit

On January 25, 2005, the Lynches filed the instant cause of action in Dallas County under chapter 74 of the Texas Civil Practice and Remedies Code, which replaced former article 4590i for lawsuits filed on or after September 1, 2003.[1] Un-

der section 74.351 of the Texas Civil Practice and Remedies Code, the Lynches' expert report was due not later than the 120th day after the date "the claim was filed." TEX. CIV. PRAC. & REM.CODE ANN. § 74.351(a) (Vernon Supp.2005). On May 25, 2005, the Lynches filed their expert report pursuant to Texas Civil Practice and Remedies Code section 74.351. This report was filed 119 days after the filing of their original petition in Dallas County.

On August 30, 2005, the health care providers filed a motion to dismiss the Dallas County lawsuit, arguing for the first time that the Lynches' expert report was not timely because their 120–day time frame under section 74.351 began on August 28, 2003, when they filed their original petition in Denton County which asserted the same legal claims as the Lynches' Dallas County petition. The Dallas County trial court heard the health care providers' motion to dismiss on November 7, 2005. The trial court denied the health care providers' motion to dismiss. This interlocutory appeal followed.

### APPLICABLE LAW

#### A. Standard of Review

■■■ Courts of appeals "apply an abuse of discretion standard in reviewing a trial court's decision on a motion to dismiss in which a defendant claims the expert report was untimely served." *Mokkala v. Mead,* 178 S.W.3d 66, 70 (Tex.App.-Hous-

---

1. The Lynches' Dallas County lawsuit was filed on January 25, 2005 under the version of section 74.351 of the Civil Practice and Remedies Code that was effective for claims filed on or after September 1, 2003. Section 74.351 was again amended by the Texas Legislature in 2005, but the 2005 changes to the statute apply "only to a cause of action that accrues on or after the effective date of this Act. An action that accrued before the effective date of this Act is governed by the law

applicable to the action immediately before the effective date of this Act and that law is continued in effect for that purpose." *See* Acts of 2005, 79th Leg., ch. 635, § 2, effective Sept. 1, 2005. Because the Dallas County suit was filed before September 1, 2005, the 2003 version of section 74.351 applies to this case and all references to section 74.351 herein are to the version effective September 1, 2003.

ton [14th Dist.] 2005, pet. filed); *see Quint v. Alexander*, 2005 WL 2805576 (Tex.App.-Austin 2005, pet. denied); *Pfeiffer v. Jacobs*, 29 S.W.3d 193, 195–96 (Tex.App.-Houston [14th Dist.] 2000, pet. denied). A trial court abuses its discretion when it acts arbitrarily or unreasonably without reference to any guiding rules and principles. *Adams v. First Nat'l Bank*, 154 S.W.3d 859, 876 (Tex.App.-Dallas 2005, no pet.); *Mokkala*, 178 S.W.3d at 70.

### B. Statutory Construction

Because we must determine the date from which the period for filing the expert report began, we apply the rules of statutory construction. In construing a statute, we seek to determine and give effect to the legislature's intent. *City of San Antonio v. City of Boerne*, 111 S.W.3d 22, 25 (Tex. 2003); *State Dep't of Highways & Pub. Transp. v. Gonzalez*, 82 S.W.3d 322, 327 (Tex.2002) (citing TEX. GOV'T CODE ANN. § 312.005 (Vernon 1998)). We look first to the plain meaning of the words of the provisions. *Bd. of Adjustment of the City of San Antonio v. Wende*, 92 S.W.3d 424, 430 (Tex.2002); *Fitzgerald v. Advanced Spine Fixation Sys., Inc.*, 996 S.W.2d 864, 865 (Tex.1999). If the statutory language is unambiguous, we must adopt the interpretation supported by the plain language of the provision unless that interpretation would lead to absurd results. *See Tex. Dep't of Protective & Regulatory Servs. v. Mega Child Care, Inc.*, 145 S.W.3d 170, 177 (Tex.2004); *see also Gonzalez*, 82 S.W.3d at 327. We determine legislative intent from the entire act and not just from isolated portions. *Id.* Accordingly, we "read the statute as a whole and interpret it to give effect to every part." *Id.* (citing *Jones v. Fowler*, 969 S.W.2d 429, 432 (Tex.1998)).

### C. Article 4590i

Medical malpractice cases filed prior to September 1, 2003 were governed by arti-cle 4590i. *See* TEX.REV.CIV. STAT. ANN. art. 4590i, §§ 1.01–16.02, *repealed by* Act of September 1, 2003, 78th Leg., R.S., ch. 204, § 10.09, 2003 Tex. Gen. Laws 864, 884. The Lynches filed their Denton County lawsuit as a health care liability claim under former article 4590i of the Texas Revised Civil Statutes. Under article 4590i, a "health care liability claim" was defined as "a cause of action against a health care provider for treatment, lack of treatment, or other claimed departure from accepted standards of medical care or health care or safety which proximately results in injury to or death of the patient, whether the patient's claim or cause of action sounds in tort or contract." TEX.REV.CIV. STAT. ANN. art. 4590i, § 1.03(a)(4).

Section 13.01(d) of article 4590 provided:

Not later than the later of the 180th day after the date on which a health care liability claim is filed or the last day of any extended period established under Subsection (f) or (h) of this section, the claimant shall, for each physician or health care provider against whom a claim is asserted:

(1) furnish to counsel for each ... health care provider one or more expert reports, with a curriculum vitae of each expert listed in the report; or

(2) voluntarily nonsuit the action against the health care provider.

TEX.REV.CIV. STAT. ANN. art. 4590i, § 13.01(d). If the claimant failed to comply with subsection (d) of section 13.01 within the time required, article 4590i provided that the "court shall, on motion of the health care provider, award, as sanctions against the claimant or the claimant's attorney, the reasonable attorney's fees and costs, forfeiture of any cost bond respecting the claim against that defendant, and dismissal of the claimant's action

against that defendant with prejudice." *Id.* § 13.01(e). Significantly, however, article 4590i provided specific procedures allowing claimants to nonsuit health care liability claims. *See id.* § 13.01(n).

### D. Section 74.351

In 2003, the Texas Legislature repealed article 4590i of the Revised Civil Statutes and recodified many substantially amended provisions of former article 4590i in chapter 74 of the Civil Practice and Remedies Code. *See* Act of June 2, 2003, 78th Leg., R.S., ch. 204., §§ 10.01, 10.09, 2003 Tex. Gen. Laws 847, 864–82, 884. Both former article 4590i and section 74.351 require that a claimant asserting a health care liability claim must file an expert medical report in support of his or her claim within a specified period of time. However, in enacting chapter 74, the legislature made significant changes to the former expert report procedure for health care liability claims. *See Mokkala,* 178.-S.W.3d at 75. The legislature removed the provisions allowing a cost bond or cash deposit in lieu of an expert report served 90 days after a plaintiff filed a health care liability claim and removed the provisions permitting nonsuit if an expert report was not filed 180 days after the plaintiff filed the claim. *Id.; see* Act of May 5, 1995, 74th Leg., R.S., ch. 140, § 1, sec. 13.01(a), (d), 1995 Tex. Gen. Laws 985, 985, 986 (repealed 2003). *Cf.* TEX. CIV. PRAC. & REM. CODE ANN. § 74.351 (Vernon Supp.2005).

In adopting the 2003 version of section 74.351, the legislature included a saving clause which specified that the section applies "only to an action filed on or after the effective date" of September 1, 2003 and that "[a]n action filed before the effective date of this Act, including an action filed before that date in which a party is joined or designated after that date, is governed by the law in effect immediately before the change in law made by this Act, and that

law is continued in effect for that purpose." *See* Act of June 2, 2003, 78th Leg., R.S., ch. 204, §§ 1.03, 23.02(a),(d), 2003 Tex. Gen. Laws 847, 849, 864, 898–99; *see also Yancy v. United Surgical Partners Int'l, Inc.,* 170 S.W.3d 185, 193 n. 1 (Tex.App.-Dallas 2005, pet. filed). The 2003 version of section 74.351 requires a plaintiff who files a "health care liability claim" to file an expert report within 120 days of filing its claim:

> In a health care liability claim, a claimant shall, not later than the 120th day after the date the claim was filed, serve on each party or the party's attorney one or more expert reports, with a curriculum vitae of each expert listed in the report for each physician or health care provider against whom a liability claim is asserted. The date for serving the report may be extended by written agreement of the affected parties. Each defendant physician or health care provider whose conduct is implicated in a report must file and serve any objection to the sufficiency of the report not later than the 21st day after the date it was served, failing which all objections are waived.

TEX. CIV. PRAC. & REM.CODE ANN. § 74.351(a) (Vernon Supp.2005). Section 74.351 defines a "claim" as "a health care liability claim." *Id.* § 74.351(r)(2). A "health care liability claim" is a "cause of action," not a lawsuit. *See id.* § 74.011(a)(13).

### III. APPLICATION OF LAW TO FACTS

In this case, the health care providers claim that because the Lynches' expert report in the second suit was not filed within 120 days of the date the same legal claims were originally filed in Denton County, the Dallas County trial court erred in denying appellants' motion to dismiss the case pursuant to section 74.351 of

the Texas Civil Practice and Remedies Code. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 74.351 (Vernon Supp.2005). The health care providers contend the filing of a claim, not the filing of a lawsuit, is what triggers the expert report deadline. Accordingly, they argue that because section 74.351 applies to "health care liability claims" and not "lawsuits," the date the claims were filed in Denton County controls because the claims are the same in the two lawsuits. *See* TEX. CIV. PRAC. & REM.CODE ANN. §§ 74.011(a)(13), 74.351(r)(2); *Puls v. Columbia Hosp. at Med. City Dallas Subsidiary, L.P.*, 92 S.W.3d 613, 617–18 (Tex.App.-Dallas 2002, pet. denied); *Mokkala*, 178 S.W.3d at 71. They argue the Lynches' nonsuit in Denton County and the new filing in Dallas County did not cause the time period for filing their expert report to start anew, and the trial court erred in denying their motion to dismiss.

Appellees, on the other hand, argue that they met the 120–day deadline for filing an expert report in the Dallas County lawsuit. Specifically, the Lynches argue that neither *Puls* nor *Mokkala* stands for the proposition that their 120–day time frame under section 74.351 began when they filed their lawsuit under former article 4590i. Further, they contend both *Puls* and *Mokkala* expressly acknowledge that the statutory structure of former article 4590i, unlike section 74.351, contained specific provisions for nonsuits. *Puls*, 92 S.W.3d at 616; *Mokkala*, 178 S.W.3d at 78 n. 14.

The parties agree that the sole issue on which the merits of this appeal pivot is whether we deem the date of the filing of the health care claim to be the date of the filing of the Denton County suit or the filing date of the Dallas County suit. In our analysis of this issue, we recognize that the time for filing the expert report in

the Denton County lawsuit was governed by article 4590i because the suit was filed before the September 1, 2003 effective date of chapter 74. TEX.REV.CIV. STAT. ANN. art. 4590i, § 13.01(d); *see* Act of June 2, 2003, 78th Leg., R.S., ch. 204, §§ 1.03, 23.02(a), (d), 2003 Tex. Gen. Laws 847, 849, 898–99. Also, the Lynches nonsuit of their case in Denton County was permitted by former article 4590i. *See* TEX.REV.CIV. STAT. ANN. art. 4590i, § 13.01(d). After that voluntary dismissal, they filed suit in Dallas County.

Central to our decision in this case is the enacting provision of the 2003 version of chapter 74 of the Texas Civil Practice and Remedies Code, which states that section 74.351 applies "only to *an action* filed on or after the effective date" of September 1, 2003. *See* Act of June 2, 2003, 78th Leg., R.S., ch. 204, §§ 1.03, 23.02(a), (d), 2003 Tex. Gen. Laws 847, 849, 898–99 (emphasis added). Because chapter 74 applies only to "an action" filed on or after September 1, 2003 and the health care liability claim filed by the Lynches in Dallas County was such "an action," chapter 74 applies to the post-September 1, 2003 action filed in Dallas County. Regardless of the similarity between the Denton County lawsuit and the Dallas County suit, section 74.351 only applies to actions filed on or after September 1, 2003. Accordingly, the deadline for filing the expert report in the Dallas County suit was 120 days from the filing of the claims under section 74.351. The Lynches filed their health care liability claim in Dallas County on January 25, 2005. The expert report filed by the Lynches 119 days later, on May 25, 2005, was timely under section 74.351. The trial court did not abuse its discretion in denying the health care providers' motion to dismiss. Appellants' sole point on appeal is decided against them.

## IV. CONCLUSION

We conclude the trial court did not err in denying the health care providers' motion to dismiss because the Lynches did file their expert report within the 120–day period set out by section 74.351 of the Texas Civil Practice and Remedies Code. The trial court's order is affirmed.