**UNIVERSITY OF TEXAS HEALTH SCIENCE CENTER AT SAN ANTONIO, Appellant,**

v.

**Kenneth RIPLEY, Individually and as Representative of the Estate of Frederick Ripley, Deceased; Frederick H. Ripley, II, and Alma Y. Ripley, Appellees.**

No. 04–06–00307–CV.

Court of Appeals of Texas, San Antonio.

June 20, 2007.

David Grant Halpern, Asst. Atty. Gen., Austin, for appellant.

Jeffrey C. Anderson, Law Office of Jeffrey C. Anderson, San Antonio, for appellees.

Sitting: ALMA L. LÓPEZ, Chief Justice, CATHERINE STONE, KAREN ANGELINI, SANDEE BRYAN MARION, PHYLIS J. SPEEDLIN, REBECCA SIMMONS, Justices; and, STEVEN C. HILBIG, Justice, concurring in judgment only.

## OPINION

Opinion by PHYLIS J. SPEEDLIN, Justice.

University of Texas Health Science Center at San Antonio (UTHSC) appeals the trial court's order denying its motion to dismiss filed pursuant to section 74.351(b) of the Texas Civil Practice and Remedies Code ("Code"). UTHSC contends that the trial court abused its discretion because the appellees, Kenneth Ripley, Individually and as Representative of the Estate of Frederick Ripley, Deceased, Frederick Ripley, II, and Alma Y. Ripley, failed to timely file their expert report. We affirm the trial court's order.

### BACKGROUND

Frederick Ripley had aortobifemoral bypass surgery on April 29, 2002. An employee of the University of Texas Health Science Center, Dr. Boulos Toursakissian, performed the surgery and various UTHSC employees were involved in post-surgical care. Four days after the surgery, Frederick died.

On June 15, 2004, the Ripleys filed suit in federal court alleging various negligent acts proximately caused Frederick's death. On December 13, 2004, the Ripleys filed an amended complaint asserting claims against UTHSC as a defendant; however, the amended complaint could not be given legal effect until the federal court granted leave to file the amended complaint.[1] UTHSC responded with a Motion to Dismiss based on 11th amendment immunity. On January 27, 2005, the federal court granted leave to file the December 13, 2004 amended complaint.

On February 9, 2005, the federal court entered an order extending a prior scheduling order's deadlines to the claims against UTHSC, thereby requiring the Ripleys to "submit a written report of the expected testimony of each expert by April 15, 2005." Any objection to the reliability of an expert's proposed testimony was required to be made within thirty days of the receipt of the written report. The Ripleys timely filed their designation of expert witnesses on April 15, 2005, attaching a copy of an expert report and curriculum vitae. Accordingly, the deadline for any objections to the expert's proposed testimony was May 16, 2005. UTHSC did not file any objections.

The federal court granted UTHSC's motion to dismiss based on 11th amendment immunity on May 17, 2005, and the Ripleys re-filed their claim against UTHSC in

---

1. *See U.S. ex rel. Mathews v. HealthSouth Corp., 332 F.3d 293, 296–97 (5th Cir.2003).*

state court on June 15, 2005. On January 17, 2006, UTHSC filed a motion to dismiss alleging that the Ripleys had failed to timely file their section 74.351 report. Although the trial court initially granted the motion to dismiss, the trial court subsequently granted the Ripleys' motion for reconsideration and entered an order denying UTHSC's motion to dismiss.

### DISCUSSION

■ We review a trial court's order granting a motion to dismiss based on the failure to timely file a section 74.351 expert report under an abuse of discretion standard of review. *See Am. Transitional Care Ctrs. of Tex., Inc. v. Palacios,* 46 S.W.3d 873, 875 (Tex.2001); *Lopez v. Montemayor,* 131 S.W.3d 54, 58 (Tex. App.-San Antonio 2003, pet. denied). A trial court abuses its discretion if it acts in an arbitrary or unreasonable manner without reference to any guiding rules or principles. *Bowie Mem. Hosp. v. Wright,* 79 S.W.3d 48, 52 (Tex.2002); *Lopez,* 131 S.W.3d at 58.

"In a health care liability claim, a claimant shall, not later than the 120th day after the date the claim was filed, serve on each party or the party's attorney one or more expert reports, with a curriculum vitae of each expert listed in the report for each physician or health care provider against whom a liability claim is asserted." [2] Act of June 2, 2003, 78th Leg., R.S., ch. 204, § 10.01, 2003 Tex. Gen. Laws 847, 875. The date for serving the report may be extended by written agreement of the affected parties. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 74.351(a) (Vernon Supp.2006).

It is undisputed that UTHSC was served with a copy of the Ripleys' expert report on April 15, 2005, while the Ripleys' claim was pending against UTHSC in federal court. Section 74.351(a) required the Ripleys to serve their expert report *"not later than* the 120th day after the date the claim was filed." Act of June 2, 2003, 78th Leg., R.S., ch. 204, § 10.01, 2003 Tex. Gen. Laws 847, 875 (emphasis added). If we accept that the "claim was filed" on the date the original petition was filed in state court on June 15, 2005, the Ripleys met the section 74.351 deadline because they clearly had served the expert report prior to October 13, 2005.

■ UTHSC contends that if we give effect to the expert report that was served in federal court, UTHSC would have been put to a "Hobson's Choice" in deciding whether to challenge the report in federal court at the risk of waiving its immunity. UTHSC asserts that giving effect to the service of the expert report would "eviscerate" the state court's authority to determine whether the report was adequate. UTHSC, however, fails to cite any support for its contention that it would have waived its immunity by filing its objections in federal court, especially if the objections were filed subject to its motion to dismiss. In filing the objections, UTHSC would merely be pointing out alleged deficiencies in the expert report. UTHSC would not be seeking affirmative relief. Section 74.351(b) does not contain a deadline by which an affected party must file a motion to dismiss. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 74.351(b) (Vernon 2005). Accordingly, UTHSC could have timely filed and served its objections and thereafter awaited the disposition of its motion to dismiss in federal court. Once the Ripleys refiled in state court, UTHSC could then have

---

**2.** Section 74.351(a) was amended in 2005 to substitute "the original petition was filed" for "the claim was filed;" however, the amendment applies only to a cause of action that accrues on or after September 1, 2005. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 74.351(a) (Vernon Supp.2006).

sought a dismissal under section 74.351(b) if it believed the expert report was inadequate.[3] Because the state court would have had jurisdiction to consider the motion, its authority to dismiss under section 74.351 would not be "eviscerated."

 "[T]here are constitutional limitations upon the power of courts, even in the aid of their own processes, to dismiss an action without affording a party the opportunity for a hearing on the merits of his cause." *TransAmerican Natural Gas Corp. v. Powell,* 811 S.W.2d 913, 918 (Tex. 1991). In enacting chapter 74, "the Legislature envisioned that discovery and the ultimate determination of what issues are submitted to the factfinder should not go forward unless at least one expert has examined the case and opined as to the applicable standard of care, that it was breached, and that there is a causal relationship between the failure to meet the standard of care and the injury, harm, or damages claimed." *Murphy v. Russell,* 167 S.W.3d 835, 838 (Tex.2005). Dismissing the underlying cause when UTHSC had been timely served with an expert report would be contrary to the Legislature's vision and would permit section 74.351 to be used for unintended purposes. *See Regent Care Center of Laredo, Limited Partnership v. Abrego,* No. 04–06–00518–CV, 2006 WL 3613190 (Tex.App.-San Antonio Dec. 13, 2006, pet. denied) (Speedlin, J., concurring) (denouncing gamesmanship spawned by use of section 74.351 for unintended purposes). The trial court did not abuse its discretion in concluding that the Ripleys had complied with chapter 74 because UTHSC had been timely served with the Ripleys' expert report.[4]

## CONCLUSION

Because UTHSC was timely served with the expert report, the trial court properly

---

**3.** Alternatively, UTHSC could have sought guidance from the trial court when the lawsuit was refiled in state court by filing its objections within twenty-one days after the date the lawsuit was refiled or by filing a motion requesting the trial court to establish a deadline to file its objections given the procedural circumstances. Instead, UTHSC chose to wait and file a motion to dismiss nine months after it was served with the expert report and seven months after the lawsuit was refiled in state court.

**4.** UTHSC also alludes to the notion that the expert report was not timely served in the context of the federal litigation; however, whether the chapter 74 deadlines are applicable in federal court is questionable. *See, e.g., Hall v. Trisun,* No. SA 05 CA 984 0G, 2006 WL 2329418, at *1 (W.D.Tex. Aug.1, 2006); *Garza v. Scott & White Mem. Hosp.,* 234 F.R.D. 617, 622–23 (W.D.Tex.2005); *Brown v. Brooks County Det. Ctr.,* No. C.A. C–04–329, C.A. C–04–375, 2005 WL 1515466, at *2–3 (S.D.Tex. June 23, 2005); *Nelson v. Myrick,* No. Civ.A.3:04–CV–0828–G, 2005 WL 723459, at *3–4 (N.D.Tex. Mar.29, 2005); *McDaniel v. U.S.,* No. CIV. A.SA–04–CA–0314, 2004 WL 2616305, at *6–9 (W.D.Tex. Nov.16, 2004); *but see Cruz v. Chang,* 400 F.Supp.2d 906, 911–15 (W.D.Tex.2005). Furthermore, the amended complaint which added claims against UTHSC did not have any legal effect until the federal court granted leave to file the amendment. *See HealthSouth Corp.,* 332 F.3d at 296–97. The federal court granted leave to file the amended complaint on January 27, 2005, and the expert report was filed within 120 days of that date. *See Puls v. Columbia Hosp.,* 92 S.W.3d 613, 617 (Tex. App.-Dallas 2002, pet. denied) (holding expert report deadline against defendants added in amended complaint did not begin to run on date the suit was originally filed but on date complaint was amended); *HealthSouth Corp.,* 332 F.3d at 296–97 (amended complaint has no legal effect in federal court until court grants leave to file). Alternatively, the docket control order entered by the federal court could be construed as an agreement of the parties to extend the deadline. *See McDaniel,* 2004 WL 2616305, at *7 (referring to earlier decision that construed docket control order entered by federal court as written agreement under Texas rule).

denied UTHSC's motion to dismiss. Accordingly, the trial court's order is affirmed.

Concurring opinion REBECCA SIMMONS, Justice, joined by KAREN ANGELINI, Justice.

REBECCA SIMMONS, Justice, concurring.

Because the UTHSC–SA was served with a copy of the expert report during the federal litigation, it had the necessary information from which to determine whether Ripley's claim was frivolous. I would not address the other issues discussed in the majority opinion, and therefore, respectfully concur in the judgment only.