COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| ALFREDO MORENO AND FRANCES MORENO, INDIVIDUALLY AND AS HEIRS AND REPRESENTATIVES OF THE ESTATE OF BERNADETTE MORENO, DECEASED, | § <br> <br> § <br> <br> § | No. 08-07-00010-CV |
| Appellants, | § | Appeal from the |
| v. | § | 120th District Court |
| ADOLFO PALOMINO-HERNANDEZ, M.D., | § | of El Paso County, Texas |
| | § | (TC#2005-2771) |
| Appellee. | § | |
| | § | |

**O P I N I O N**

Appellants, Alfredo and Frances Moreno, Individually and as Heirs and Representatives of the Estate of Bernadette Moreno, Deceased, appeal the trial court's dismissal of their claims against Appellee, Adolfo Palomino-Hernandez, M.D. ("Dr. Palomino"), and the trial court's award of attorney's fees to Dr. Palomino. We reverse the trial court's ruling and remand for trial.

**I. BACKGROUND**

This is a medical malpractice case with a convoluted history. On August 28, 2003, the Morenos filed a lawsuit under former article 4590i,[1] styled *Alfredo Moreno and Frances Moreno, Individually and as Heirs and Representatives of the Estate of Bernadette Moreno, Deceased v.*

---

[1] Medical Liability and Insurance Improvement Act, 65th Leg., R.S., ch. 817, 1977 Tex. Gen. Laws 2039 (as amended) (former TEX. REV. CIV. STAT. ANN. art. 4590i, §§ 1.01-16.02), *repealed by* Act of June 2, 2003, 78th Leg., R.S., ch. 204, § 10.09, 2003 Tex. Gen. Laws 847, 884 (effective Sept. 1, 2003). Many of the provisions of former article 4590i are now codified at TEX. CIV. PRAC. & REM. CODE ANN. §§ 74.001-.507 (Vernon 2005 and Vernon Supp. 2008). Because the original lawsuit was filed before September 1, 2003, the provisions of former article 4590i applied to it.

*Edward C. Juarez, M.D., Individually, Edward C. Juarez, M.D., P.A. d/b/a Eastside Medical Care Center, Roy Malphurs, Joseph A. Quintana, Jr., M.D., Joseph A. Quintana, Jr., M.D., P.A. d/b/a Cardiology Care Consultants, Adolfo Palomino-Hernandez, M.D. and El Paso Healthcare System, Ltd. d/b/a Del Sol Medical Center*, Cause No. 2003-3728, in the 120th District Court of El Paso County (the "2003 Lawsuit"). The Morenos furnished an expert report by Charles F. Landers, M.D. (the "Landers Report"). Dr. Palomino filed a motion to dismiss the Landers Report, which was denied by the trial court.

On April 18, 2005, the Morenos nonsuited the 2003 Lawsuit. A week later, they filed this action, pursuant to chapter 74 of the Texas Civil Practice and Remedies Code. Dr. Palomino was named as one of the defendants in the Appellants' Original Petition herein. On June 15, 2005, the Appellants filed their First Amended Original Petition, which did not name Dr. Palomino as a defendant. Dr. Palomino was likewise not named in their Second Amended Original Petition, which was filed on July 12, 2005.

On January 19, 2006, the trial court entered an Agreed Scheduling Order and Discovery Control Plan. The Scheduling Order set the trial date as beginning on April 7, 2006. The Scheduling Order also provided that "[t]he deadline to join additional parties has passed." On January 30, 2006, Dr. Quintana filed a motion for leave to designate Dr. Palomino as a responsible third party. The next day, the Appellants filed their Third Amended Original Petition. Once again, the newly-amended petition did not name Dr. Palomino. The trial court granted Dr. Quintana's motion for leave on February 22.

On March 21, the Appellants filed their Fourth Amended Original Petition, in which they did

once again name Dr. Palomino as a defendant.[2]  The Appellants re-served the Landers Report, without change from its original form, on Dr. Palomino on July 5, 2006.  Dr. Palomino moved to dismiss, asserting that the Appellants failed to timely join him and failed to serve their expert report. The trial court granted the motion and awarded attorney's fees to Dr. Palomino.  The Appellants contend that the trial court erred in doing so.

## II.  DISCUSSION

### A.  Dismissal of the Claim Against Dr. Palomino

The dismissal of a health-care liability claim is generally reviewed under an abuse of discretion standard.  *American Transitional Care Ctrs., Inc. v. Palacios*, 46 S.W.3d 873, 877 (Tex. 2001); *Ponce v. El Paso Healthcare Sys., Ltd.*, 55 S.W.3d 34, 36 (Tex. App.--El Paso 2001, pet. denied).  However, to the extent that the issue involves statutory construction, we apply a *de novo* standard of review.  *Ponce*, 55 S.W.3d at 36; *NCED Mental Health, Inc. v. Kidd*, 214 S.W.3d 28, 32 (Tex. App.--El Paso 2006, no pet.).

Because the 2003 Lawsuit was filed prior to September 1, 2003, it was subject to the provisions of former article 4590i, section 13.01.[3]  It is undisputed that the Appellants had timely

---

[2]  On or about April 10 (three days after the trial date designated in the Agreed Scheduling Order), the court granted summary judgment in favor of Dr. Quintana and Del Sol Medical Center, leaving only Dr. Palomino as a defendant.

[3]  Section 13.01 provided, in pertinent part:

(d)  Not later than the later of the 180th day after the date on which a health care liability claim is filed or the last day of any extended period established under Subsection (f) or (h) of this section, the claimant shall, for each physician or health care provider against whom a claim is asserted:

(1)  furnish to counsel for each physician or health care provider one or more expert reports, with a curriculum vitae of each expert listed in the report; or

(2)  voluntarily nonsuit the action against the physician or health care provider.

. . .

(f)  The court may, for good cause shown after motion and hearing, extend any time period specified

served the Landers Report on Dr. Palomino in the 2003 Lawsuit.

Because the current action was filed after September 1, 2003, their claims are now governed

by chapter 74 of the Texas Civil Practice and Remedies Code. Section 74.351(a) currently provides:

> (a) In a health care liability claim, a claimant shall, not later than the 120th day after
> the date the original petition was filed, serve on each party or the party's attorney one
> or more expert reports, with a curriculum vitae of each expert listed in the report for
> each physician or health care provider against whom a liability claim is asserted. The
> date for serving the report may be extended by written agreement of the affected
> parties. Each defendant physician or health care provider whose conduct is
> implicated in a report must file and serve any objection to the sufficiency of the
> report not later than the 21st day after the date it was served, failing which all
> objections are waived.

TEX. CIV. PRAC. & REM. CODE ANN. § 74.351(a).

The Appellants argue first that section 33.004(e) of the Civil Practice and Remedies Code

permitted their joinder of Dr. Palomino, following his designation as a responsible third party by Dr.

Quintana. Section 33.004(a) allows for the designation of responsible third parties. Subsections (a)

and (e) provide:

---

in Subsection (d) of this section for an additional 30 days. Only one extension may be granted under
this subsection.

. . .

(h) The affected parties may agree to extend any time period specified in Subsection (a) or (d) of this
section. An agreement under this subsection is binding and shall be honored by the court if signed by
the affected parties or their counsel and filed with the court.

. . .

(n) If a claimant nonsuits a health care liability claim against a physician or health care provider
before filing a cost bond and seeks to refile the same or a similar health care liability claim against the
physician or health care provider, the claimant shall file a $7,500 cost bond for each previously
nonsuited physician or health care provider at the time of the filing of the health care liability claim.
If the claimant fails to file the $7,500 cost bond for each physician or health care provider, on motion
and hearing the court shall order the filing of the cost bond and the claimant shall pay the movant
reasonable attorney's fees incurred in obtaining relief under this subsection.

Act of May 1, 1995, 74th Leg., R.S., ch. 140, § 1, 1995 Tex. Gen. Laws 985, 985-87 (former TEX. REV. CIV. STAT. ANN.
art. 4590i, § 13.01(d), (f), (h), (n)).

(a) A defendant may seek to designate a person as a responsible third party by filing a motion for leave to designate that person as a responsible third party. The motion must be filed on or before the 60th day before the trial date unless the court finds good cause to allow the motion to be filed at a later date.

. . .

(e) If a person is designated under this section as a responsible third party, a claimant is not barred by limitations from seeking to join that person, even though such joinder would otherwise be barred by limitations, if the claimant seeks to join that person not later than 60 days after that person is designated as a responsible third party.

TEX. CIV. PRAC. & REM. CODE ANN. § 33.004(a), (e).

Appellants contend that the language of the statute and its legislative history indicate that it applies to this case, and they cite us to the following exchange between Senators Hinojosa and Ratliff:

SENATOR HINOJOSA: When a defendant names a responsible third party, as I understand it, the plaintiff has 60 days to bring the third party into the suit, even if limitations would otherwise have run against that person. Is that true in a medical malpractice claim too, because on page 63 of the bill it seems to say that the two-year statute in those cases applies notwithstanding any other law?

SENATOR RATLIFF: Yes, if health care providers are going to have the benefit of the designation of responsible third parties, then they have to abide by the same rules as everyone else. This 60-day provision would apply in health care liability claims.

S. Conf. Comm. Rep. on H.B. 4, S.J. of Tex., 78th Leg., R.S. 5005 (2003).

By its terms, however, subsection (e) applies only to "limitations." The above exchange does not indicate a specific legislative intent to apply this provision to the 120-day requirement set out in section 74.351. Moreover, to the extent that there is a conflict between the two statutes, section 74.002(a) provides that "[i]n the event of a conflict between this chapter and another law, including a rule of procedure or evidence or court rule, this chapter controls to the extent of the conflict." TEX. CIV. PRAC. & REM. CODE ANN. § 74.002(a). Section 74.351 does not expressly address the

timeliness of the required expert report in this case.

The Appellants also argue that the report was, in any case, timely filed. Dr. Palomino responds that the refiling of a health-care liability claim does not restart the 120-day time period contained in section 74.351(a). He relies on *Mokkala v. Mead*, 178 S.W.3d 66 (Tex. App.--Houston [14th District] 2005, pet. denied). In *Mokkala*, the Meads filed a health-care liability claim under chapter 74. *Id.* at 68. They served their required expert's report and his curriculum vitae 121 and 122, respectively, days after filing their original petition. The Meads then nonsuited their claims against the appellants and, a few days later, amended their petition and again named the appellants. *Id.* at 68-69.

The Meads again nonsuited their claims against the appellants, and, this time, they filed a new action against them, asserting the same claims. The appellants moved to dismiss the Meads' claims with prejudice for failing to timely serve their expert's report and curriculum vitae, and the trial court denied the motion. *Id*. On appeal, the Meads asserted that they had an absolute right to nonsuit under Texas Rule of Civil Procedure 162, and that, by nonsuiting their claims, they were placed in the same position they would have been had they not brought the initial lawsuit. *Id*. at 70.

The Fourteenth Court of Appeals disagreed. It looked to the language of the statute and noted that section 74.351(a) refers a to health-care liability claim, not a lawsuit. The court concluded that "under the plain language of section 74.351(a), the 120-day period is triggered on the date the claimant files a petition alleging a particular health care liability claim, not the date she files another lawsuit asserting that same claim." *Id.* at 71.

The court also concluded that section 74.351(a) did not conflict with Rule 162. *Id.* at 73. It reasoned that, in enacting that section, the Legislature removed provisions under former article 4590i that permitted a plaintiff to nonsuit an action, if he failed to furnish an expert report within the

required time. The court noted that, under section 74.351(a), the only means for a plaintiff to extend the 120-day deadline for serving an expert report is by agreement of the affected parties. *Id.* at 76. The court concluded that "[a]llowing a plaintiff to restart the period for serving an expert report by simply nonsuiting her health care liability claim and refiling that same claim, could effectively expand the 120-day period to well over two years. Such a procedure is inconsistent with the policies . . . set forth above." *Id.* (statutory citations omitted); *see also Daughtery v. Schiessler*, 229 S.W.3d 773, 775 (Tex. App.--Eastland 2007, no pet.) (holding that a nonsuit within 120 days of filing claim did not extinguish the running of the 120-day limitation period ).

Relying on *Park v. Lynch*, 194 S.W.3d 95 (Tex. App.--Dallas 2006, no pet.), the Appellants contend that *Mokkala* does not establish that the 120-day period began to run, because the version of section 74.351(a) in effect for a cause of action accruing before September 1, 2005, contains language that it only applies to "an action" filed on or after the effective date.[4] The plaintiffs in *Park* originally filed a medical malpractice lawsuit in Denton County under former article 4590i. *Id.* at 96. After the deadline for the filing of their expert reports, the plaintiffs filed a motion for nonsuit without prejudice, which was granted by the court. *Id.* at 97. On the same day they filed their motion for nonsuit, the plaintiffs then filed an action under chapter 74 in Dallas County. The plaintiffs filed their expert report within 120 days of the date they filed the second lawsuit. The defendants moved to dismiss, arguing that the plaintiffs failed to timely file their expert report, because the 120-day time period began to run when they filed their initial lawsuit in Denton County. The trial court denied the motion, and the court of appeals affirmed. *Id.* at 100-01. The court explained that, in adopting the 2003 version of section 74.351, the Legislature specified that the

---

[4] The version in effect from September 1, 2003, though August 31, 2005, was the same, except that, in the first sentence, "the claim was filed" was substituted for "the original petition was filed." *See* Act of June 2, 2003, 78th Leg., R.S., ch. 204, § 10.01, 2003 Tex. Gen. Laws 847, 875; TEX. CIV. PRAC. & REM. CODE ANN. § 74.351(a).

section applies "only to an action filed on or after the effective date" of September 1, 2003. *Id.* at 99. The Legislature further provided that "[a]n action filed before the effective date of this Act, including an action filed before that date in which a party is joined or designated after that date, is governed by the law in effect immediately before the change in law made by this Act . . . ." *Id.* (citing Act of June 2, 2003, 78th Leg., R.S., ch. 204, §§ 1.03, 23.02(a), (d), 2003 Tex. Gen. Laws 847, 849, 864, 898-99). The appellants argued that section 74.351 applied to a health-care liability claim, as opposed to a lawsuit, and triggered the 120-day time period, because the claims in both lawsuits were the same. *Id.* at 100. The court disagreed and concluded that the deadline for filing expert reports in the Dallas lawsuit was 120 days from the date that lawsuit was filed. *Id.* at 100-01.

We agree with *Park* to the extent it is applicable to the present case. The 120-day deadline did not begin to run with the filing of the 2003 Lawsuit. However, Dr. Palomino does not argue that the 120-day deadline began to run when the 2003 Lawsuit was filed, but that it began to run when the 2005 Lawsuit, in which he was originally named as a defendant, was filed. Nonsuit of the Appellants' claims against him in the 2005 Lawsuit did not toll the running of the 120-day limitations period. *See Mokkala*, 178 S.W.3d at 76. This lawsuit was filed on April 25, 2005; if the Appellants were forced to rely solely upon their July 2006, filing of their expert's report, we would agree with Dr. Palomino.

In this unique fact pattern, however, the Morenos did timely serve the Landers Report on Dr. Palomino in the 2003 Lawsuit. This report was the same report that was, eventually, re-served in the present suit. Dr. Palomino challenged the report during the 2003 Lawsuit, and the trial court ruled at that time that the report was sufficient. The Appellants argue that the report meets the requirements of section 74.351. Dr. Palomino does not address the report's adequacy under section 74.351, but contends that the report's adequacy is irrelevant, because it was not timely served in the

present case.

In *University of Tex. Health Science Ctr. at San Antonio v. Ripley*, 230 S.W.3d 419, 420 (Tex. App.--San Antonio 2007, no pet.), the plaintiffs, as representatives of the decedent's estate, brought an action against the University of Texas Health Science Center (the "Hospital") in federal court for allegedly negligent acts that resulted in decedent's death, following bypass surgery. During the course of the federal action, the plaintiffs filed an expert report and a curriculum vitae. Pursuant to the court's scheduling order, the Hospital was required to file any objections to the proposed expert testimony within thirty days of its submission. The Hospital did not object to the report. The federal court did, however, subsequently grant the Hospital's motion to dismiss, based on Eleventh Amendment immunity.

Thereafter, the plaintiffs brought an action in state court under section 74.351. *Id.* at 420-21. The plaintiffs did not serve an expert's report or curriculum vitae within 120 days, and the Hospital moved to dismiss the claims. The trial court denied the motion, and the San Antonio Court of Appeals affirmed. The appellate court noted that section 74.351(a) required that the report be served not later than the 120th day after the date the claim was filed. *Id.* at 421. The court reasoned that, although the expert report had been served prior to the filing of the section 74.351 claim, the plaintiffs satisfied the statute by having served the expert report prior to the passage of 120 days from the date of the claim. *Id*. at 422-23.

As in *Ripley*, the Morenos in this case timely filed their report in the prior action. They then re-served the report following Dr. Palomino's designation as a responsible third party. We hold that the Appellants, having once served the report (albeit during the pendency of the 2003 Lawsuit), met

the technical requirements of the statute.[5]  We sustain the Appellants' second issue.

### B.  Dismissal Based on Violation of the Scheduling Order

We review a trial court's enforcement of a scheduling order under an abuse of discretion standard.  *Roskey v. Continental Cas. Co.*, 190 S.W.3d 875, 879 (Tex. App.--Dallas 2006, pet. denied).  A trial court abuses its discretion when its action is arbitrary or unreasonable or without any reference to any guiding rules or principles.  *Housing Auth. of City of El Paso v. Guerra*, 963 S.W.2d 946, 952-53 (Tex. App.--El Paso 1998, pet. denied).  In this case, the scheduling order was entered on January 19, 2006.  It provided that "[t]he deadline to join additional parties has passed." On January 30, Dr. Quintana filed his motion for leave to designate Dr. Palomino as a responsible third party.  The Appellants filed objections to the motion for leave on February 22; on the same day, the trial court, notwithstanding the language of the Agreed Scheduling Order, granted the motion for leave to designate.  Pursuant to the scheduling order, the deadline to file dispositive motions was February 27 and the deadline to amend pleadings was March 17.  The Appellants filed their Fourth Amended Original Petition on March 21, adding Dr. Palomino to the lawsuit.

Section 33.004 of the Civil Practice and Remedies Code provides that, if a responsible third party is designated, a claimant is not barred by limitations from seeking to join that person, even though joinder would otherwise be barred by limitations, if joinder is sought not later than 60 days from the date the person is designated.  TEX. CIV. PRAC. & REM. CODE ANN. § 33.004(e). Considering the limited waiver of the limitations bar contained in section 33.004(e), it is apparent that the purpose of the statute is to permit a plaintiff to join as a defendant a person designated as a

---

[5]  We note also that the 2003 Landers Report served the legislative purposes behind the expert-report requirement.  Long before the passage of 120 days after the original petition was filed--indeed, well before the petition was filed--Dr. Palomino had been furnished the report to which he was entitled.  Section 74.351(a) provides that "a claimant shall, *not later than the 120th day after* the date the original petition was filed, serve" (emphasis added) a report and curriculum vitae; nothing in that language precludes service of the report and the curriculum vitae before the petition is filed.

responsible third party by another defendant. In this case, Dr. Quintana sought leave to designate Dr. Palomino as a responsible third party after the date for joinder had passed under the scheduling order.[6] While the designation of a responsible third party is not equivalent to the joinder of a party, the trial court's refusal to allow the joinder of Dr. Palomino, which was apparently based on the passage of the joinder deadline in the scheduling order, and its subsequent dismissal of the claims against Dr. Palomino, was an abuse of discretion. We sustain this issue.

## C. Attorneys' Fees

In Issue Three, the Appellants appeal the trial court's award of attorneys' fees to Dr. Palomino. Because we have determined that the trial court erred in granting Dr. Palomino's motions to dismiss, we sustain the Appellants' third issue.

## III. CONCLUSION

We reverse the trial court's ruling dismissing the Appellants' claims and remand for trial.


KENNETH R. CARR, Justice

October 23, 2008

Before Chew, C.J., McClure, and Carr, JJ.

---

[6] The court granted Dr. Quintana leave to designate Dr. Palomino as a responsible third party only 44 days prior to the trial date contained in the Scheduling Order. Notwithstanding that the deadline to join additional parties had passed, we find no abuse of discretion in the court's having granted such leave at that time. However, the effect of the court's ruling was that, if it had then continued to insist upon the April 7 trial date, the Appellants' motion for leave to join Dr. Palomino as a defendant would have been timely (for limitations purposes) if filed 16 days after the trial began. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 33.004(e). We do not believe that the Legislature could have intended such a result.