

# NUMBER 13-22-00047-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

## IN THE ESTATE OF JESUS RODRIGUEZ AGUERO, DECEASED

On appeal from the Probate Court
of Hidalgo County, Texas.

# OPINION

**Before Chief Justice Contreras and Justices Silva and Peña
Opinion by Justice Silva**

Appellant Vivian Garcia, in her capacity as Independent Executrix of the Estate of Jesus Rodriguez Aguero, Deceased, appeals the trial court's denial of her motion to dismiss appellees Charlotte Philbrick and Bruce Philbrick's health care liability claim (HCLC). By a single issue, appellant argues the trial court erred by failing to dismiss appellees' HCLC claim because the expert report was deficient and did not represent a good faith effort to comply with the expert report requirements. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 74.351. However, appellees contend that the trial court's denial was

based on appellant's untimely filing of her objections, not on the merits of the expert report. *See id.* We affirm.

## I. BACKGROUND

In April 2016, Charlotte sought medical treatment at the emergency department of the Mission Regional Medical Center for abdominal pain, nausea, and vomiting. Charlotte was admitted to the hospital where she remained until June 2016. Throughout Charlotte's stay at the hospital, she was treated by Jesus Rodriguez Aguero, M.D. Appellees eventually filed a HCLC suit against Aguero's estate, alleging that the medical care provided fell below the standard of care and caused Charlotte to sustain severe and substantial pain, disfigurement, and physical impairment and incur further medical expenses. Bruce included a claim for loss of consortium based on Charlotte's condition.

The following dates are pertinent to this appeal:

- **February 20, 2018**: Appellees filed their first amended petition in cause number C-0503-18-A, naming "Jesus Rodriguez Aguero, M.D., deceased" as defendant, and directing service to appellant as "the Representative of his Estate." Attached to the first amended petition was an expert report and curriculum vitae of Joshua Ellenhorn, M.D.[1] *See* Acts 2013, 83rd Leg., ch. 870 (H.B. 658), § 2, 2013 Tex. Sess. Law Serv. Ch. 870 (current version at TEX. CIV. PRAC. & REM. CODE ANN. § 74.351) (requiring preliminary expert reports for HCLCs);[2]

- **March 23, 2018**: "Jesus Rodriguez Aguero, M.D., Deceased, a Defendant" filed an original answer and general denial;

- **April 24, 2018**: "Jesus Rodriguez Aguero, M.D., Deceased" responded to appellees' requests for disclosures, *see* TEX. R. CIV. P. 194.2, stating

---

[1] The clerk's record contains appellees' first and second amended petitions. It is not clear from the record when Aguero passed away nor whether appellees' original petition was filed prior to or after his death. Further, the record does not contain the return of service for the first amended petition, so it is not known when appellant received it.

[2] Subsequent citations to § 74.351 will refer to this version of the statute unless otherwise indicated.

the defendant was correctly named and was unaware of any other potential parties to the lawsuit;

- **August 2, 2018**: The probate court entered an order transferring and consolidating appellees' suit into the probate case, cause number P-38,041, then separating the claims into P-38,041-A;[3]

- **September 25, 2018**: "Jesus Rodriguez Aguero, M.D., Deceased" filed a petition for writ of mandamus, asking this Court to compel the trial court to vacate its "Order Transferring Proceeding to a Statutory Probate Court Pursuant to [§] 34.001 of the Texas Estates Code." *In re Aguero*, No. 13-18-00535-CV, 2018 WL 6167497, at *1 (Tex. App.—Corpus Christi–Edinburg Nov. 26, 2018, orig. proceeding [mand. denied]) (mem. op.);

- **October 9, 2018**: Appellees filed their second amended petition, this time in the probate case, naming "Vivian Garcia, In Her Capacity as Independent Executrix of the Estate of Jesus Rodriguez Aguero, Deceased" as the defendant. Appellees again attached Ellenhorn's expert report to the petition;[4]

- **February 1, 2019**: Appellant was served with a citation and the second amended petition and expert report through her attorney of record; and

- **February 12, 2019**: Appellant filed an original answer, general denial, objections to appellees' expert report, and a motion to dismiss appellees' HCLC.

Appellees responded to appellant's objections and supplemented their response. Relevant here, appellees' supplemental response argued that appellant's objections to their expert report were untimely. Appellees asserted that appellant was first served the

---

[3] The clerk's record includes a copy of appellees' motion to transfer but does not include a copy of the order to transfer. However, the order is available in the record of a related mandamus proceeding filed by "Jesus Rodriguez Aguero, M.D., Deceased." *In re Aguero*, No. 13-18-00535-CV, 2018 WL 6167497, at *1 (Tex. App.—Corpus Christi–Edinburg Nov. 26, 2018, orig. proceeding [mand. denied]) (mem. op.). We take judicial notice of that record. *See* TEX. R. EVID. 201; *Estate of York*, 934 S.W.2d 848, 851 (Tex. App.—Corpus Christi–Edinburg 1996, writ denied).

[4] Appellees' second amended petition certified that appellant was served through her attorneys of record on October 9, 2018. *See* TEX. R. CIV. P. 21a.

report with the first amended petition, after which appellant filed an answer and participated in the litigation; the subsequently served report was an exact duplicate of the initially served report; and the subsequent service had merely been in observance of appellant's proper title. The trial court heard appellant's objection and motion to dismiss, ultimately denying the motion without providing its reason. This appeal followed.

## II.    APPLICABLE LAW

The issue in this appeal is whether a claimant fulfills the duties under Texas Civil Practice and Remedies Code § 74.351 where the petition misidentifies the defendant as the estate of a decedent rather than the representative of the decedent's estate but is nonetheless served on the representative who then participates in the litigation.

Section 74.351 requires a claimant who asserts an HCLC against a "physician or health care provider" to serve each defendant with an expert report "describing the expert's opinions addressing the applicable standards of care, how the defendant's conduct failed to meet those standards, and how those failures caused the claimant's injury, harm, or damages." *Lake Jackson Med. Spa, Ltd. V. Gaytan*, 640 S.W.3d 830, 836 (Tex. 2022) (citing TEX. CIV. PRAC. & REM. CODE ANN. § 74.351(a), (r)(6)). The purpose of the § 74.351's expert notice provision is to expeditiously weed out unmeritorious claims "before litigation gets underway." *E.D. ex rel. B.O. v. Tex. Health Care, P.L.L.C.*, 644 S.W.3d 660, 664 (Tex. 2022) (per curiam). Accordingly, the claimant must, in compliance with the Texas Rules of Civil Procedure, "serve on that party or the party's attorney one or more expert reports, with a curriculum vitae of each expert listed" before "the 120th day after the date each defendant's original answer is filed." TEX. CIV. PRAC. & REM. CODE

4

ANN. § 74.351(a); *see* TEX. R. CIV. P. 21, 21a.

Failure to timely serve the expert report on a party shall result in the trial court dismissing the suit with prejudice. TEX. CIV. PRAC. & REM. CODE ANN. § 74.351(b)(2); *Zanchi v. Lane*, 408 S.W.3d 373, 376 (Tex. 2013). But if the report is timely filed, each defendant in a HCLC suit must object to the sufficiency of the report within twenty-one days of receiving the report or twenty-one days of the filing of the defendant's answer, whichever is later, or the objection is waived. TEX. CIV. PRAC. & REM. CODE ANN. § 74.351(a). When determining whether service was compliant, courts denounce acts of gamesmanship and remain mindful of § 74.351's purpose and whether service was effectuated in furtherance of that purpose. *See Hebner v. Reddy*, 498 S.W.3d 37, 39 (Tex. 2016) (concluding, in its review of a prior version of § 74.351,[5] that "the plaintiffs' mistaken post-suit service of the incorrect expert report is of no consequence" where "the plaintiffs met their burden with pre-suit service of the correct report"); *Rinkle v. Graf*, 658 S.W.3d 821, 824–25, 827 n.5 (Tex. App.—Houston [14th Dist.] 2022, no pet.); *Univ. of Tex. Health Sci. Ctr. at San Antonio v. Ripley*, 230 S.W.3d 419, 422 (Tex. App.—San Antonio 2007, no pet.).

Although "[a] suit seeking to establish the decedent's liability on a claim and subject property of the estate to its payment should ordinarily be instituted against the personal

---

[5] The version of § 74.351 that the Texas Supreme Court reviewed in both *Hebner* and *Zanchi* required a plaintiff to serve a party with the expert report within 120 days of the filing of the petition, whereas the amended version requires service of the expert report within 120 days after the date of each defendant's original answer, if it is later. *Hebner v. Reddy*, 498 S.W.3d 37, 42 (Tex. 2016); *Zanchi v. Lane*, 408 S.W.3d 373, 376 (Tex. 2013); *see* Acts 2005, 79th Leg., ch. 635, § 1, 2005 Tex. Sess. Law Serv. Ch. 635 *amended by* Acts 2013, 83rd Leg., ch. 870 (H.B. 658), § 2, 2013 Tex. Sess. Law Serv. Ch. 870 (current version at TEX. CIV. PRAC. & REM. CODE ANN. § 74.351).

representative," the inadvertent identification of the defendant as the estate rather than its representative will not create an infirm judgment where "[t]he purpose of the suit and the nature of the claim asserted were clear from the outset, and [the representative] answered for the 'estate' and participated in all proceedings affecting the case." *Price v. Anderson's Est.*, 522 S.W.2d 690, 691, 692 (Tex. 1975) (holding that naming the estate as the defendant but serving the administrator "interrupted the running of the statute of limitations"); *Miller v. Est. of Self*, 113 S.W.3d 554, 557 (Tex. App.—Texarkana 2003, no pet.) ("[I]n those instances where the suit names the estate, rather than the personal representative of that estate, the trial court will be vested with jurisdiction if the personal representative is served with citation and participates in the suit in his or her capacity as the personal representative of the estate.").

### III.    STANDARD OF REVIEW

The denial of a motion to dismiss under § 74.351(b) is interlocutory and may be appealed immediately. TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(9); *see Ogletree v. Matthews*, 262 S.W.3d 316, 319 (Tex. 2007). We generally review a trial court's ruling on a motion to dismiss for failure to comply with § 74.351's expert report requirements for abuse of discretion. *Bowie Mem'l Hosp. v. Wright*, 79 S.W.3d 48, 52 (Tex. 2002) (per curiam). "A trial court abuses its discretion if it acts in an arbitrary or unreasonable manner without reference to any guiding rules or principles." *Walker v. Gutierrez*, 111 S.W.3d 56, 62 (Tex. 2003) (citing *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex.1985)). When, as here, the trial court does not file findings of fact or conclusions of law, we will uphold the trial court's ruling on any theory supported by the record. *Rinkle*,

6

658 S.W.3d at 824.

**IV. ANALYSIS**

Appellant argues that her twenty-one-day window to object to the expert report under § 74.351 did not begin until she filed her answer to appellees' second amended petition and expert report on February 12, 2019, which properly named her as defendant for the first time. For reasons established below, we disagree.

Several facts are undisputed. Appellees' first amended petition named "Jesus Rodriguez Aguero, M.D., deceased" as defendant and directed service to appellant as "the Representative of his Estate." Appellant, in her capacity as representative of the estate, was personally served with the first amended petition and expert report that was filed by appellees on February 20, 2018. The "Estate" filed an original answer on March 23, 2018. At all points, the "Estate" participated in the litigation—as further evidenced by its submitted disclosures stating that the estate was properly identified as the defendant in appellees' petition and the prior petition for writ of mandamus filed with this Court. *See In re Rodriguez Aguero*, 2018 WL 6167497, at *1. Appellant never filed a verified plea that the estate had no legal capacity to be sued. *See* TEX. R. CIV. P. 93(1). Appellant's first and only objection to appellees' expert report was filed on February 12, 2019, after appellees had amended their petition to change the defendant's name from the estate to the representative of Aguero's estate. Appellant does not allege that the purpose of the suit or nature of the claim asserted by appellees changed following appellees' refiling of their petition and service of their expert report. *See Price*, 522 S.W.2d at 691, 692.

In other words, appellant was unequivocally served in her role as the

7

representative for Aguero's estate, answered for the estate, and participated in all proceedings affecting the case. *See id.* We decline to allow appellant to hide behind the improper identification of the party to the suit, while otherwise participating in the litigation, only to object to the expert report more than three hundred days after her initial answer. This would be in contravention to the statute's stated purpose—i.e., the timely establishment of whether claims are frivolous or not—and promote the very gamesmanship that courts discourage. *See Hebner*, 498 S.W.3d at 39; *Price*, 522 S.W.2d at 691; *Rinkle*, 658 S.W.3d at 824–25, 827 n.5; *see also Miller*, 113 S.W.3d at 557. Under these facts, appellant was required to object to appellees' expert report within twenty-one days of her original answer filed on March 23, 2018. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 74.351(a). Thus, her February 12, 2019 filing was untimely, and the trial court did not abuse its discretion in denying appellant's motion to dismiss on this basis.[6] *See id.*; *Wright*, 79 S.W.3d at 52. We overrule appellant's sole issue.

### V.     CONCLUSION

We affirm the trial court's judgment.[7]

CLARISSA SILVA
Justice

Delivered and filed on the
11th day of May, 2023.

---

[6] Appellant argues that appellees waived any complaint about the untimely objection by failing to raise the matter during the hearing on the matter. However, in appellees' supplemental response, appellees specifically argued that appellant waived any objection by failing to do so timely and included several exhibits in support. Further, appellant cites no authority that appellees must both present their argument in writing and raise it orally in the hearing to preserve it for review, and we find none.

[7] Appellees filed motions for summary affirmance and to issue the mandate with this Court, which were carried with the case. Those motions are denied as moot.

8