B.E. NETHERLAND, Appellant,

v.

Van E. WITTNER, Successor Administrator, Appellee.

No. A14–82–804CV.

Court of Appeals of Texas, Houston (14th Dist.).

Dec. 8, 1983.

Rehearing Denied Jan. 5, 1984.

Sam J. Meador, Houston, for appellant.

Van E. Wittner, Jr. and J. Richard Hall, Houston, for appellee.

Before J. CURTISS BROWN, C.J., and DRAUGHN and ELLIS, JJ.

ELLIS, Justice.

B.E. Netherland appeals from a judgment entered to release a lien and remove a cloud from title to certain real estate. We affirm.

In 1970, Freddie Cooper Lovejoy, now deceased, executed a vendor's lien note and deed of trust, payable to B.E. Netherland or order. The note states that Mr. Lovejoy promises to pay the sum of four thousand dollars ($4,000), with interest at 7½% per annum, payable in monthly installments of $50.00 each. The note further states that interest on the note is included in the $50.00 monthly payment. The deed of trust recites that it secures payment of a promissory note "[i]n the amount of four thousand ($4,000) dollars at 7½% interest payable in monthly installments of fifty (50) dollars including interest." After the note was executed, B.E. Netherland placed it for collection with Allied Bank of Texas.

Following Freddie Cooper Lovejoy's death, Van E. Wittner, successor administrator of Mr. Lovejoy's estate, continued to make payments due to Allied Bank until August 19, 1977, in accordance with the payment schedule set up by the bank. On this date, he made a final payment of $100 to the bank. Allied Bank marked the note "paid in full," and returned it to Mr. Netherland, along with a copy of the payment record. In October of 1979, the real property subject to the vendor's lien was sold by Mr. Wittner. At that time, appellant notified the title company that a sum representing interest was still due on the promissory note, and that he would not release the lien until such sum was paid. Wittner subsequently filed suit to remove the cloud from title to the real estate and to require appellant to release his lien. Appellant, in turn, filed suit against the Lovejoy estate, claiming the payment of $4,000 on the note did not fully satisfy the debt. The trial court rendered judgment for appellee, releasing the lien and removing the cloud on the title to the property. Findings of fact and conclusions of law were requested and filed.

In his first point of error, appellant contends the trial court erred in finding that appellant received proper notice of the trial setting in accordance with Tex.R. Civ.P. 21a. Appellant admits he received timely notice of the trial setting by telephone and by unregistered letter; however, he claims the failure to notify him by registered mail renders such notice inadequate. We find no merit to this contention. Appellant was given actual notice of the setting, and, in fact, appeared and fully participated in the trial. He makes no claim that he was harmed in any way, due to appellee's failure to give him notice by registered mail, as opposed to regular mail. We believe appellee fulfilled the primary purpose of Rule 21a, and thus, has adequately complied with it. *See Hill v. W.E. Brittain, Inc.,* 405 S.W.2d 803 (Tex.Civ.App.—Fort

Worth 1966, no writ). We overrule point of error one.

■ In point of error two, appellant argues the trial court erred in allowing appellee to proceed to trial in this case, because he had failed to pay the costs assessed to the estate in a prior judgment of this court. We find no merit to this argument, and overrule point of error two.

■ In his third point of error, appellant contends the trial court erred in finding that appellee had paid the note in full. Appellant argues that while the note was ambiguous on its face, the court erred in construing the ambiguity against him. We disagree.

■ Generally, if a written instrument is susceptible to more than one meaning, extraneous evidence is admissible to determine the instrument's true meaning. *R. & P. Enterprises v. LaGuarta Gavrel & Kirk, Inc.,* 596 S.W.2d 517 (Tex.1980). However, in this case, the Dead Man's Statute prohibited appellant from testifying as to any conversation or transaction he entered into regarding the note with Mr. Lovejoy which the deceased could deny if he were alive. TEX.REV.CIV.STAT.ANN. art. 3716 (Vernon 1926). Appellant offered no additional instruments in writing, executed by the deceased, which would explain the terms of the note. Therefore, we are unable to determine whether the deceased, in fact, received $4,000 from appellant to which 7½% per annum interest was to be added, or whether the 7½% interest was discounted from the $4,000 prior to receipt. Appellant testified that while he was not sure if he actually prepared the note himself, he was responsible for its preparation. It is well established that ambiguities in a contract are to be strictly construed against the party who prepared the instrument. *Bethel v. Butler Drilling Co.,* 635 S.W.2d 834 (Tex. App.—Houston [14th Dist.] 1982, writ ref'd n.r.e.). We overrule appellant's third point of error.

■ In point of error four, appellant apparently complains that the trial court erred in finding that the only written instruments relative to appellant's claim were the promissory note and deed of trust. However, as appellant points out, there is nothing in the record to support his claim that there are other pertinent documents which should have been considered. We overrule point of error four.

■ In his fifth point of error, appellant contends there is no evidence to support the finding that Allied Bank of Texas was acting as an agent for appellant when it declared the note in question paid in full. We disagree.

Appellant placed the note in question with Allied Bank of Texas for collection. Larry Rockett, an assistant vice president with Allied Bank, testified that the general custom of the bank in collecting a note is to accept payments on the note and, after the note is paid according to the terms, to return the note to the owner. We believe it was implicit that the bank had the authority, in its collection proceedings, to stamp the note "paid in full" before returning it to the owner. As maker of the note, it was appellant's obligation, not that of the bank, to be certain that the terms of the note were unambiguous. There is nothing in the record to indicate that appellant gave the bank any additional information to clarify the terms of the note. We find the bank acted fully within its authority when it set out the payment schedule, and upon completion, marked the note paid. We also find such actions were binding upon appellant. We overrule appellant's fifth point of error.

In points of error six and seven, appellant contends the trial court erred in rendering judgment for appellee, and in assessing costs to appellant. In light of our disposition of appellant's points of error one through five, we overrule points six and seven.

The judgment of the trial court is affirmed.