**Felix SPIEGEL, Appellant**

v.

**Warren Lee STROTHER, Melissa Jan Strother, Individually and on Behalf of their Minor Child, Bailey Alexis Strother, Appellees.**

No. 09–08–144 CV.

Court of Appeals of Texas, Beaumont.

Submitted July 3, 2008.

Decided Aug. 14, 2008.

William J. Sharp, William J. Sharp & Associates, Houston, for appellant.

Scott W. Browne, Browne & Browne, Beaumont, for appellees.

Before McKEITHEN, C.J., GAULTNEY and KREGER, JJ.

## OPINION

DAVID GAULTNEY, Justice.

Felix Spiegel, M.D., appeals from the trial court's interlocutory order denying his motion to dismiss the health care liability claims of Melissa Strother. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 51.014(a)(9) (Vernon Supp.2007). The order states an expert report and curriculum vitae were served on the defendant within 120 days of the filing of the petition. Spiegel argues the trial court erroneously denied his motion to dismiss because plaintiffs did not timely serve him or his attorney with a copy of the expert report as required by statute. *See* TEX CIV. PRAC. & REM.CODE ANN. § 74.351(a) (Vernon Supp.2007). Spiegel also asserts he is entitled to attorney's fees and costs. *See id.* § 74.351(b) (Vernon Supp.2007). Because the service requirement of the statute was met, we affirm the trial court's order.

Section 74.351 requires the claimant in a health care liability claim to serve on each party, or the party's attorney, an expert report and curriculum vitae not later than the 120th day after the date of the filing of the original petition. *See id.* § 74.351(a). The statute requires a defendant to "serve any objection to the sufficiency of the report not later than the 21st day after the date it was served, failing which all objections are waived." TEX. CIV. PRAC. & REM. CODE ANN. § 74.351(a).

■ Plaintiff first delivered the report to Spiegel's office and then separately to his attorney during discovery. After suit was filed, but apparently prior to issuance of citation, a private process server delivered the expert report and curriculum vitae to Spiegel's office in Port Neches. The process server handed the documents to "the person behind the window" at the doctor's office; however, the process server's "affidavit of service" stated he served "Dr. Felix Spiegel." Plaintiffs' attorney filed a certificate of service that stated the doctor had been served with the report and curriculum vitae by a private process server. Spiegel was out of town that day. Spiegel argues this delivery is not service because the report was not delivered directly to him in person, and the documents were not delivered to an agent authorized by him to accept "service."

In response to Spiegel's requests for discovery disclosures, the Strothers' attorney faxed sixty-two pages to Spiegel's attorney. The sixty-two pages of responses included, among other information, the name of the expert witness, along with the notation that the expert's report and curriculum vitae were attached. The report was not faxed. Instead, plaintiffs' attorney mailed the report and curriculum vitae by priority mail, along with other discovery responses, to defendant's attorney. Spiegel argues that, because the report was not faxed or was not sent by certified or registered mail, this delivery did not comply with Rule 21a either.

The doctor's affidavit, filed with the motion to dismiss, states his office staff delivers documents to him that are left at his office. He states he has not authorized his staff to accept "service," however, and has "not appointed any agent for service of process on me of any legal document."

At the hearing on Spiegel's motion to dismiss, Spiegel's attorney acknowledged he and Spiegel received the report within 120 days of the filing of the petition. Spiegel filed no objections to the sufficiency of the report. Spiegel's attorney stated to the trial judge:

> The doctor had a copy of the report which had been given to him after it had been improperly served on his Port

Neches office and I had a copy of that that I obtained from the doctor and I had a copy which had been [sent] uncertified regular mailed to me on November 5th, as I've already stated.

Spiegel argues, nonetheless, that strict compliance with the methods of service provided in Rule 21a is required by the statute, and the undisputed fact of the timely receipt of the report from the plaintiffs is irrelevant. He moved to dismiss the lawsuit, not based on the lack of delivery of a sufficient report, but based solely on the method of delivery.

Chapter 74 does not define what it means to "serve" an expert report on a health care provider. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 74.001 (Vernon 2005). Used broadly, "serve" generally refers to the delivery by a party of a document to the proper party in a manner that provides reasonable, sufficient notice. *See generally* BLACK'S LAW DICTIONARY 1399 (8th ed.2004). Section 74.001 provides that undefined terms in the statute shall be given "such meaning as is consistent with the common law." TEX. CIV. PRAC. & REM.CODE ANN. § 74.001(b).

In civil cases in Texas courts, Rules 21 and 21a of the Texas Rules of Civil Procedure are followed in providing notice that is less formal than the citation required to be served upon the filing of a cause of action. *See Tex. Natural Res. Conservation Comm'n v. Sierra Club,* 70 S.W.3d 809, 813 (Tex.2002). Some courts have applied Rule 21a to the statutory service requirement for expert reports. *See Univ. of Tex. Health Sci. Ctr. at Houston v. Gutierrez,* 237 S.W.3d 869, 872 (Tex.App.-Houston [1st Dist.] 2007, pet. denied); *Herrera v. Seton Nw. Hosp.,* 212 S.W.3d 452, 459 (Tex.App.-Austin 2006, no pet.); *Kendrick v. Garcia,* 171 S.W.3d 698, 704 (Tex.App.-Eastland 2005, pet. denied). When the rule is applicable, a document served under the rule:

> ... may be served by delivering a copy to the party to be served, or the party's duly authorized agent or attorney of record, as the case may be, either in person or by agent or by courier receipted delivery or by certified or registered mail, to the party's last known address, or by telephonic document transfer to the recipient's current telephone number, or by such other manner as the court in its discretion may direct.

TEX.R. CIV. P. 21a. A certificate of service showing compliance with the rule must be filed by the party or attorney of record, and the certificate is sufficient as proof of service unless receipt is challenged.[1] *See id.* The rule does not preclude proof that the document served under the rule was not actually or timely received by a party. *See id.*

■ The primary objective of the rules relating to service is to provide notice so that the party will have an opportunity to be heard. *See Hill v. W.E. Brittain, Inc.,* 405 S.W.2d 803, 807 (Tex.Civ.App.-Fort Worth 1966, no writ). Service assures that the litigants have copies of documents affecting the litigation. When attempted service pursuant to Rule 21a achieves actual timely delivery to the proper party in a manner that accomplishes the objective of the rule, and no harm is shown, courts

---

1. *See generally Mathis v. Lockwood,* 166 S.W.3d 743, 745 (Tex.2005) ("Like any other contemporaneous business record, this certificate bears some assurance of trustworthiness as it was prepared as a matter of office routine before any dispute about notice arose."). Defendant argues that the certificate of service is wrong (although he received the documents through an office employee authorized to accept and deliver documents to him), because he says he did not authorize the employee to accept "service" of a "legal" document. The trial court was not required to give conclusive effect to defendant's affidavit.

have found adequate service. *See Netherland v. Wittner,* 662 S.W.2d 786, 787–88 (Tex.App.-Houston [14th Dist.] 1983, writ ref'd n.r.e.); *Hill,* 405 S.W.2d at 807 ("It is in instances where parties or the attorneys fail to make an appearance and participate in a hearing affecting their rights that an examination of the technical aspects of the rules of service and notice are and should be closely examined and adhered to."); *see also Butler v. Taylor,* 981 S.W.2d 742, 743–44 (Tex.App.-Houston [1st Dist.] 1998, no pet.). This approach to a service requirement is consistent with the language of Rule 21a, which creates a presumption of service based on the certificate of compliance, but permits proof of non-receipt.

Spiegel relies on *Gutierrez,* where Rule 21a was applied. *See* 237 S.W.3d 869. There, the expert report was served on a doctor who was a party in the suit. *Id.* at 870. The doctor's attorney at some point gave a copy of the report to her employer, the University of Texas Health Science Center at Houston. *Id.* Gutierrez nonsuited the doctor and added UTHSCH as a party. *Id.* The plaintiffs never separately served the report on the UTHSCH. *Id.* The court stated, "If we accept appellees' argument that actual receipt (from any source) of expert reports prior to suit's being filed, regardless of the manner in which those reports were furnished, meets the requirements of section 74.351, then we must completely disregard legislative intent as evidenced by the replacement of the word 'furnish' [in a prior version of the statute] with the word 'serve.'" *Gutierrez,* 237 S.W.3d at 873.

This case is distinguishable from *Gutierrez.* Spiegel's attorney acknowledged the report and curriculum vitae were received by Spiegel and his attorney pursuant to plaintiffs' attempts at service within 120 days of the filing of the petition. The report was not "furnished" to the doctor from just "any source." Under the circumstances here, the delivery and the attorney's certificate of service placed the defendant and his attorney on notice that the statutory time period to respond with objections had started.

Spiegel cites other cases where the appellate court found there was no compliance with the service requirement of section 74.351(a). *See St. Luke's Episcopal Hosp. v. Poland,* No. 01–06–01038–CV, 2008 WL 384326 (Tex.App.-Houston [1st Dist.] Feb. 14, 2008, no pet. h.); *Poland v. Ott,* No. 01–07–00199–CV, —— S.W.3d ——, 2008 WL 257382 (Tex. App.-Houston [1st Dist.] Jan. 31, 2008, no pet. h.); *Acosta v. Chheda,* No. 01–07–00398–CV, 2007 WL 3227650 (Tex.App.-Houston [1st Dist.] Nov. 1, 2007, pet. filed); *Bohannon v.Winston,* 238 S.W.3d 535 (Tex.App.-Beaumont 2007, no pet.); *Smith v. Hamilton,* 09–07–128–CV, 2007 WL 1793754 (Tex.App.-Beaumont June 21,2007, no pet.); *Herrera v. Seton Nw. Hosp.,* 212 S.W.3d 452 (Tex. App.-Austin 2006, no pet.); *Thoyakulathu v. Brennan,* 192 S.W.3d 849 (Tex.App.-Texarkana 2006, no pet.); *Soberon v. Robinson,* 09–06–067–CV, 2006 WL 1781623 (Tex.App.-Beaumont June 29, 2006, pet. denied); *Quint v. Alexander,* No. 03–04–00819–CV, 2005 WL 2805576 (Tex.App.-Austin Oct. 28, 2005, pet. denied); *Kendrick v. Garcia,* 171 S.W.3d 698 (Tex.App.-Eastland 2005, pet. denied). In *St. Luke's Hospital* and the *Poland v. Ott* cases, the plaintiffs provided the defendant's attorney the report on the 123rd day after filing suit; the plaintiffs in each case relied on their having "served" the expert report before they filed suit. *St. Luke's Episcopal Hosp.,* 2008 WL 384326, at *2–3; *Poland,* —— S.W.3d at ——, 2008 WL 257382, at *2. In *Acosta,* the plaintiff did not serve the curriculum vitae within the 120-day time frame. *Acosta,* 2007 WL 3227650, at *3. In *Bohannon,* the plaintiffs filed the report and curriculum vitae with the trial court but did not serve the doctor until after the 120th day deadline; the

evidence did not establish that defendant was attempting to avoid service. *Bohannon*, 238 S.W.3d at 536–38. In *Smith*, the plaintiffs filed the report with the court clerk but did not serve the report on the defendant. *Smith*, 2007 WL 1793754, at *4–5. In *Herrera*, the plaintiff argued the delivery of the report by regular mail was constructive delivery that complied with section 74.351(a). *Herrera*, 212 S.W.3d at 456, 458. The court held that mailing by regular mail does not meet the requirements of section 74.351(a). *Id.* at 459–60. In that case, the defendant's attorney maintained he did not receive copies of the report and curriculum vitae until after the 120–day deadline. *Id.* at 456. In *Thoyakulathu* and *Soberon*, the plaintiffs served the expert reports after the 120–day deadline. *Thoyakulathu*, 192 S.W.3d at 852–53; *Soberon*, 2006 WL 1781623, at *1. In *Quint*, the plaintiff filed the report with the district clerk but did not timely serve it on the defendant. *Quint*, 2005 WL 2805576, at *1–2. In *Kendrick*, the plaintiff alleged she placed a copy of the report in a box that was located in the district clerk's office and assigned to the law firm that represented the defendant doctor. *Kendrick*, 171 S.W.3d at 701. She mailed a copy of the report to the hospital's attorney by regular mail. *Id.* The defendants' attorneys denied receiving the documents at any time prior to the expiration of the 120–day deadline. *Id.* In none of the cases cited by Spiegel was it undisputed that the attorney and his client actually received the report and curriculum vitae from the plaintiff within 120 days of the filing of the petition through attempted service pursuant to Rule 21a.

In *University of Texas Health Science Center at San Antonio v. Ripley*, 230 S.W.3d 419 (Tex.App.-San Antonio 2007, no pet.), the report was served on the hospital during the pendency of the health care liability claim in federal court, and before the suit was re-filed in state court.

*Id.* at 421. Holding that the report was timely served, the court explained, " '[T]here are constitutional limitations upon the power of courts, even in the aid of their own processes, to dismiss an action without affording a party the opportunity for a hearing on the merits of his cause.' " *Id.* at 422 (quoting *TransAmerican Natural Gas Corp. v. Powell*, 811 S.W.2d 913, 918 (Tex.1991)). The court reasoned that "[d]ismissing the underlying cause when UTHSC had been timely served with an expert report would be contrary to the Legislature's vision and would permit section 74.351 to be used for unintended purposes." *Id.*

In this case, dismissal of the underlying health care liability claim would be contrary to the purpose of the service requirement of the statute. Service of the report provides the defendant timely notice of the conduct called into question in the medical negligence suit. *See generally Russ v. Titus Hosp. Dist.*, 128 S.W.3d 332, 341 (Tex.App.-Texarkana 2004, pet. denied) (purpose of report). The service date establishes when the twenty-one day time period begins for the defendant to object to the sufficiency of the report. *See* Tex. Civ. Prac. & Rem.Code Ann. § 74.351(a). Spiegel received the report timely and, the certificate of service having been made by plaintiffs' attorney pursuant to Rule 21a, the notification purpose of the statute was satisfied.

Spiegel chose not to contest the sufficiency of the report, but instead waited to attempt to quash service under a procedural rule after the 120–day time for service of the report had lapsed. *See Sw. Bell Tel. Co. v. Perez*, 904 S.W.2d 817, 821 (Tex.App.-San Antonio 1995, no writ) ("As a general rule, [the rules] require that parties point out to one another and to the court any complaints they may have in a timely and specific manner so as to provide an opportunity to correct defects of form

and substance."). Dismissal of the health care liability claim under the circumstances in this case would be contrary to the objective of the rules of civil procedure. *See* Tex.R. Civ. P. 1. Rule 1 provides:

> The proper objective of rules of civil procedure is to obtain a just, fair, equitable and impartial adjudication of the rights of litigants under established principles of substantive law. To the end that this objective may be attained with as great expedition and dispatch and at the least expense both to the litigants and to the state as may be practicable, these rules shall be given a liberal construction.

Tex.R. Civ. P. 1; *see also Tex. Employment Comm'n v. Stewart Oil Co.*, 153 Tex. 247, 267 S.W.2d 137, 138 (1954) (Under the rules, cases are to be disposed of on the merits where that can be done without violence to the rules or injustice to the parties.). Service under the rules provides timely and sufficient notice so that the rights of the litigants can be fairly adjudicated under "established principles of substantive law." *See* Tex.R. Civ. P. 1.

Rules 21, 21a, and 21b do not reference service of a report required by statute. Nevertheless, these rules provide an approach a court may follow in resolving disputes over actual and timely receipt of a report. *See* Tex.R. Civ. P. 2. Rule 21a provides methods to establish "prima facie evidence of the fact of service." *See* Tex.R. Civ. P. 21a. ("A certificate by a party or an attorney of record, or the return of an officer, or the affidavit of any person showing service of a notice shall be prima facie evidence of the fact of service."). The rule permits proof that a document was not actually received. In appropriate circumstances, after notice and hearing, sanctions may be imposed pursuant to Rule 21b when "any party fails to serve on or deliver to the other parties" a copy of the document "in accordance with Rules 21 and 21a[.]" *See* Tex.R. Civ. P. 21b. No proof was offered to the trial court in this case under Rule 21a that, despite the certification, the documents were not in fact received in a timely manner. *See* Tex.R. Civ. P. 21a. No argument is made here that sanctions should have been imposed pursuant to Rule 21b. *See* Tex.R. Civ. P. 21b.

The statute requires the report to be served by the plaintiff within 120 days of the filing of the petition, so that the defendant may timely file any objections, and the court may implement the statute. By requiring the report to be served, the statute adopts a procedure courts use to determine whether notice is received and when a response is due. We conclude the defendant was timely served with the report in compliance with section 74.351(a). Appellant's issues are overruled. The order denying the motion to dismiss is affirmed.

AFFIRMED.