

## In The
## Court of Appeals
## Sixth Appellate District of Texas at Texarkana

_____

No. 06-09-00005-CV
_____

LYNN GOFORTH AND RONNIE GOFORTH, INDIVIDUALLY AND AS
NEXT FRIENDS OF EVELYN L. GOFORTH, A MINOR, Appellants

V.

J. COLTON BRADSHAW, M.D., BILL BUCKMAN, R.PH.,
AND BUCKMAN DRUG STORE, Appellees

On Appeal from the 76th Judicial District Court
Titus County, Texas
Trial Court No. 33,582

Before Morriss, C.J., Carter and Moseley, JJ.
Opinion by Chief Justice Morriss

# OPINION

Lynn and Ronnie Goforth claim that their infant daughter, Evelyn L. Goforth, was improperly given certain medication, causing her to have seizures and to incur unnecessary medical expenses. The Goforths also claim that the medication was improperly administered due to negligence by her doctor, J. Colton Bradshaw, her pharmacist, Bill Buckman, and Buckman's pharmacy, Buckman Drug Store. After filing suit against Bradshaw and Buckman[1] and within the 120-day deadline within which healthcare expert reports and curricula vitae (CVs) must be served, the Goforths mailed reports and CVs to the district clerk and likewise sent copies to Bradshaw and Buckman. Bradshaw and Buckman received them before the 120-day deadline.[2]

---

[1] In this opinion, we refer to Buckman and his pharmacy, collectively, as Buckman.

[2] Healthcare liability claimants are required to serve each defendant, or attorney of record, with one or more expert reports and CVs within 120 days after the date suit is filed. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 74.351(a) (Vernon Supp. 2008). Because the Goforths' suit was filed May 7, 2008, the deadline for service of the reports and CVs was September 4, 2008. On August 20, 2008, the reports and CVs from Gary Foster, a pharmacist, and Keith E. Miller, a doctor, were mailed to the district clerk, and copies were mailed to Bradshaw and Buckman. While the transmittal letter to the clerk showed a copy had been sent to defense counsel, there was no indication that enclosures were included. The letter to the district clerk did not contain a certificate of service and was the sole document indicating transmission of the Goforths' expert reports and CVs to defense counsel. At a subsequent hearing, however, counsel for both Bradshaw and Buckman testified to having received the reports and CVs before the deadline.

Dana Morgan, counsel for Bradshaw, testified that her law firm received, by regular mail, a copy of the letter to the clerk, as well as the reports and CVs. James Lawrence, counsel for Buckman, testified that he, too, received the claimants' expert reports and CVs by regular mail. Both Morgan and Lawrence testified that they received the reports and CVs before the expiration of the statutory deadline.

After the deadline expired, Bradshaw and Buckman filed motions to dismiss the Goforths' claims for failure to comply with the service requirement of Section 74.351 of the Texas Civil Practice and Remedies Code.[3] The claimants did not file a response to the dismissal motions. After a hearing, the trial court dismissed the Goforths' claims and awarded attorneys' fees to Bradshaw and Buckman based on the dismissal.

On appeal, the Goforths assert that the reports and CVs were "legally transmitted" to defense counsel pursuant to Section 74.351; they emphasize the fact that counsel for both Bradshaw and Buckman received the reports and CVs within the statutory deadline. Bradshaw and Buckman argue that "service" under Section 74.351 requires strict adherence to the requirements of Rule 21a and that, because the reports and CVs were not mailed by registered or certified mail, service has not been accomplished under Section 74.351.

Because Bradshaw and Buckman received the expert reports and CVs within the 120-day deadline, and because the purposes of Section 74.351 and Rule 21a have thus been met, we hold that the documents were timely served within the meaning of Section 74.351. Therefore, we reverse the orders dismissing the Goforths' claims and awarding attorneys' fees to Bradshaw and Buckman, and we remand this matter to the trial court for further proceedings.

---

[3]Neither the sufficiency of the expert reports nor the qualifications of the experts have been challenged by Bradshaw or Buckman. The sole basis urged for dismissal was the failure to serve the reports and CVs in accordance with Rule 21a of the Texas Rules of Civil Procedure. *See* TEX. R. CIV. P. 21a.

3

A trial court's decision to dismiss a case pursuant to Section 74.351 of the Texas Civil Practice and Remedies Code is reviewed for an abuse of discretion. *Intracare Hosp. N. v. Campbell*, 222 S.W.3d 790, 794 (Tex. App.—Houston [1st Dist.] 2007, no pet.) (citing *Estate of Regis ex rel. McWashington v. Harris County Hosp. Dist.*, 208 S.W.3d 64, 67 (Tex. App.—Houston [14th Dist.] 2006, no pet.)). When the trial court acts arbitrarily or unreasonably or without reference to any guiding rules or principles, it abuses its discretion. *Walker v. Gutierrez*, 111 S.W.3d 56, 62 (Tex. 2003). Because the facts are not in dispute, the question of whether the service in this case satisfied the requirements of Section 74.351(a) is a purely legal question. Questions of law are subject to a de novo review. *See Oak Park, Inc. v. Harrison*, 206 S.W.3d 133, 137 (Tex. App.—Eastland 2006, no pet.).[4]

"Any legal term or word of art used in this chapter, not otherwise defined in this chapter, shall have such meaning as is consistent with the common law." TEX. CIV. PRAC. & REM. CODE ANN. § 74.001(b) (Vernon 2005). This provision essentially restates the rule of statutory construction that terms in a statute are to be given their plain meaning. *Alvarez v. Thomas*, 172 S.W.3d 298 (Tex. App.—Texarkana 2005, no pet.).

---

[4]"[A] trial court has no discretion in determining what the law is, which law governs, or how to apply the law." *Univ. of Tex. Health Sci. Ctr. at Houston v. Gutierrez*, 237 S.W.3d 869, 871 n.1 (Tex. App.—Houston [1st Dist.] 2007, pet. denied); *see also Buck v. Blum*, 130 S.W.3d 285, 290 (Tex. App.—Houston [14th Dist.] 2004, no pet.) (de novo standard of review applies in reviewing interpretation of healthcare liability statute).

Statutory construction is to be carried out in light of the Legislature's intent. *See McIntyre v. Ramirez*, 109 S.W.3d 741, 745 (Tex. 2003). In determining legislative intent, it is necessary to "consider at all times the old law, the evil, and the remedy." TEX. GOV'T CODE ANN. § 312.005 (Vernon 2005).

The "old law" is Article 4590i (predecessor to Chapter 74, Texas Civil Practice and Remedies Code). Article 4590i required that an expert report be "furnished" within 180 days after the claim was filed.[5] When the Legislature enacted Chapter 74, the term "furnish" was replaced with the term "serve." *Gutierrez*, 237 S.W.3d at 872. It is presumed that, when this change was made, the Legislature did so with knowledge of existing law. *See id.*; *Acker v. Tex. Water Comm'n,* 790 S.W.2d 299, 301 (Tex. 1990). In fact, the *Gutierrez* court determined, based on legislative intent, that the term "serve" as used in Section 74.351 means service as contemplated by Rule 21a.

In that case, the Houston First Court of Appeals dismissed a healthcare liability claim for failure to comply with the service requirement of Section 74.351(a). *Gutierrez* is distinguished from this case because, in that case, the claimants did not send an expert report (by any method) to the hospital, one of the defendants in the case. The hospital did, in fact, obtain a copy of the report from a co-defendant employee, who had been served. The *Gutierrez* court engaged in a thorough analysis of the service requirements of Section 74.351(a).

---

[5]TEX. REV. CIV. STAT. ANN. art. 4590i, § 13.01(d), *repealed* by Act of 2003, 78th Leg., R.S., ch. 204, § 10.09, 2003 Tex. Gen. Laws 884. Current version at TEX. CIV. PRAC. & REM. CODE ANN. § 74.001 (Vernon 2005).

The issue centered on whether claimants' failure to comply with Rule 21a service requirements required dismissal of the claim against the hospital, even though the hospital admitted to having received a copy of the expert report within the 120-day period. *Gutierrez*, 237 S.W.3d at 872. In determining that the service requirements of Section 74.351(a) were not met, the *Gutierrez* court quoted from *Herrera v. Seton Northwest Hospital*, 212 S.W.3d 452 (Tex. App.—Austin 2006, no pet.), stating "[A] party who sends documents to another by [a process] which is not authorized by rule 21a does not comply with the 120-day service requirement in section 74.351." *Gutierrez*, 237 S.W.3d at 872–73 (citing *Herrera*, 212 S.W.3d at 459). The *Gutierrez* court ultimately determined that the Legislature's act of replacing the word "furnish" with the word "serve" would be of no significance if the Legislature did not intend "serve" to mean service in compliance with Rule 21a.[6] *Gutierrez* found that, in order to effectuate the intent of Chapter 74 as a whole, and Section 74.351(a) specifically, proper service of expert reports and CVs must occur under Rule 21a. *Id.* at 873. Accordingly, because the hospital was never served with a copy of the expert report as required by Section 74.351(a), the trial court should have dismissed the claimants' claims against the hospital with prejudice.

---

[6]*Gutierrez* references the historical note to Section 74.001 of the Texas Civil Practice and Remedies Code, which included findings that the number of healthcare liability claims increased inordinately since 1995, that a medical malpractice crisis existed in Texas, and that this crisis had caused a material adverse effect on the delivery of medical and health care in Texas. *Gutierrez*, 237 S.W.3d at 872–73. The Legislature indicated that the purpose of Chapter 74 included reducing the excessive frequency, severity, and costs of healthcare liability claims. *Id.*

In the case of *Herrera*, the claimant argued compliance with Section 74.351(a) based on the filing of his expert report with the trial court within the statutory deadline. As in this case, the claimant's expert report was mailed via regular mail to the defendant (although the CV was not). *Herrera*, 212 S.W.3d at 455–56.

The *Herrera* opinion offers a thorough analysis of the statute and its interplay with Rule 21a, and highlights the distinction between "serving" and "furnishing" an expert report. Claimants who "furnished" expert reports under Article 4590i were able to satisfy the statutory requirements of Section 13.01(d) of Article 4590i by mailing the reports via regular mail. *Id.* at 458 (citing *Salazar v. Canales*, 85 S.W.3d 859, 863–64 (Tex. App.—Corpus Christi 2002, no pet.)). The court further noted the application of Rule 2 of the Texas Rules of Civil Procedure, which provides that the Rules of Civil Procedure govern all civil actions, unless a specific exception applies. *See* TEX. R. CIV. P. 2. Given the distinction between "serving" and "furnishing" an expert report and the application of Rule 2, the *Herrera* court held that the Legislature intended service under Section 74.351(a) to require compliance with Rule 21a, thereby agreeing with the conclusion of its sister courts. *Herrera*, 212 S.W.2d at 459 (citing *Kendrick v. Garcia*, 171 S.W.3d 698, 704 (Tex. App.—Eastland 2005, pet. denied)).

Under Section 74.351 of the Texas Civil Practice and Remedies Code, "service" of expert reports and CVs means the same thing as "service" under Rule 21a of the Texas Rules of Civil Procedure. *Amaya v. Enriquez*, No. 08-07-00086-CV, 2009 Tex. App. LEXIS 5902, at *6–7 (Tex.

App.—El Paso July 31, 2009, no pet. h.); *Poland v. Ott*, 2009 Tex. App. LEXIS 3766 (Tex. App.—Houston [1st Dist.] Jan. 22, 2009, pet. filed); *Gutierrez*, 237 S.W.3d at 872; *Herrera*, 212 S.W.3d at 459; *Kendrick*, 171 S.W.3d at 704.

Here, the pivotal issue is whether the Goforths' actual and direct delivery of the documents to Bradshaw and Buckman by regular mail, and Bradshaw's and Buckman's acknowledged receipt of those documents before the statutory deadline, accomplished that "service" under Rule 21a. The Goforths argue that the actual delivery ought to suffice, while Bradshaw and Buckman argue that, because delivery by regular mail does not comply with Rule 21a, there has been no service of the reports and CVs under Section 74.351, thus mandating the dismissal of the Goforths' claims.

The resolution of this dispute turns on the meaning of Rule 21a. To comply with the express terms of Rule 21a, a notification or document

> may be served by delivering a copy to the party to be served, or the party's duly authorized agent or attorney of record, as the case may be, either in person or by agent or by courier receipted delivery or by certified or registered mail, to the party's last known address, or by telephonic document transfer to the recipient's current telecopier number, or by such other manner as the court in its discretion may direct. . . .

TEX. R. CIV. P. 21a. The rule, thus, first sets out the persons to whom such a notice may be delivered, that is, the party, the party's authorized agent, or the party's attorney of record. That part of the rule does not figure into this dispute. The rule then sets out a list of various methods by which service on one of the three recipients may be accomplished: in person, by agent, by courier receipted delivery, by certified or registered mail (to the recipient's last known address), or by facsimile (to the recipient's

8

current facsimile number). That part of the rule is at the heart of this dispute. We note that the rule does not expressly limit who may serve as an agent to deliver the notification.

The rule's purpose is to achieve actual notice and to set up presumptions to use in disputes about whether notice was achieved. *See Netherland v. Wittner*, 662 S.W.2d 786, 788 (Tex. App.—Houston [14th Dist.] 1983, writ ref'd n.r.e.); *Hill v. W. E. Brittain, Inc.*, 405 S.W.2d 803, 807 (Tex. Civ. App.—Fort Worth 1966, no writ).

Our sister court of appeals in Beaumont recently had a case similar to the one before us. *See Spiegel v. Strother*, 262 S.W.3d 481 (Tex. App.—Beaumont 2008, no pet.). In *Spiegel*, a copy of the expert report and CV was mailed by *priority* mail to the defendant doctor, and was received by the doctor, within the statutory deadline.[7] The doctor sought to have the claim dismissed for lack of proper service, but the trial court refused to dismiss. On interlocutory appeal, the appellate court agreed that the doctor had been served within the meaning of Rule 21a—and, thus, within the meaning of Section 74.351—because he had received from the claimant a copy of the report and CV within the 120-day deadline, although the manner of delivery was not one of those listed in Rule 21a. That court noted that no cases cited by the doctor involved the acknowledged, timely receipt of the report and CV from a claimant. *Id*. at 485. Here, we have virtually the same factual situation. True, in *Spiegel*, the mailing was by priority mail, rather than regular mail, but we see no relevant

---

[7]Earlier, the plaintiff had also caused a copy of the report to be delivered to the doctor's office. The person delivering it handed it to "the person behind the window." The doctor maintained that the documents were not delivered to an agent authorized by him to accept service. *See Spiegel*, 262 S.W.3d at 482.

distinction there; neither method is listed in Rule 21a. Also, in *Spiegel*, a certificate of service had been executed; here, there is no such certificate. Though a certificate of service is required by Rule 21a and is recognized as presumptively establishing service, here we have acknowledged, actual delivery. We believe that is the key, and we agree with *Spiegel* that service was accomplished in both cases by virtue of that actual delivery.

In other settings, serving notice of a trial setting by regular mail complies with Rule 21a, where actual receipt of the notice is proven and no harm resulted from the failure to serve notice by registered or certified mail. *Netherland*, 662 S.W.2d at 787–88 (trial-setting notice also given by telephone); *see Hill*, 405 S.W.2d at 807.

For the foregoing reasons, we reverse the order, which dismissed the Goforths' claims and awarded Bradshaw and Buckman their attorneys' fees, and remand this cause to the trial court for further proceedings in accordance with this opinion.


_____ Josh R. Morriss, III
Chief Justice

Date Submitted:     August 10, 2009
Date Decided:     September 4, 2009