Opinion issued July 8, 2010



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-09-00818-CV

———————————

Alfredo Gaytan, Appellant

V.

Kathy Ann
Terry, Appellee



 



 

On Appeal from the Probate Court No. 1 

Harris County, Texas



Trial Court Case No. 347,998-401

 



 

MEMORANDUM OPINION

          Appellant, Alfredo Gaytan, challenges
the trial court’s rendition of summary judgment in favor of appellee, Kathy Ann
Terry, in Gaytan’s suit against Terry for fraud.  In three issues,[1] Gaytan contends that the
trial court “lacked jurisdiction” to grant Terry’s no-evidence summary judgment
motion.  

          We
affirm.

Background

          In
his petition for a bill of review, Gaytan alleged that Terry, the attorney for
Jo M. Downing, who was the executor of his deceased wife’s estate, committed
fraud to deprive him of his homestead rights.[2]  In his answer, Terry generally denied
Gaytan’s allegations.  Terry subsequently
filed summary judgment motions, in which she asserted that she was entitled to
judgment as a matter of law[3] and Gaytan had no evidence[4] of any element of his fraud
claim against her.  

          In
his response to Terry’s summary judgment motions, Gaytan asserted that
“defendants committed fraudulent concealment by supplying false information” to
the trial court to deprive him of his homestead rights “by not making direct or
indirect reference that the deceased was survived by a spouse in the
applications to probate the will and order granting letters of administration.”  Gaytan did not attach any evidence to this
response.  He also filed two “motions to
dismiss” Terry’s summary judgment motions on the grounds that the motions were
“not sworn or verified or supported by any affidavit”; the allegations
contained in the motions were conclusory, controverted, baseless, and
meritless; and there was no evidence attached to Terry’s motions.  

          The
trial court granted Terry’s no-evidence summary judgment motion.

Standard of Review

To prevail on a no-evidence summary
judgment motion, a movant must allege that there is no evidence of an essential
element of the adverse party’s cause of action or affirmative defense.  Tex. R.
Civ. P. 166a(i); Fort Worth
Osteopathic Hosp., Inc. v. Reese, 148 S.W.3d 94, 99 (Tex. 2004).  We review a no-evidence summary judgment under
the same legal sufficiency standard used to review a directed verdict.  Gen.
Mills Rests., Inc. v. Tex. Wings, Inc., 12 S.W.3d 827, 832–33 (Tex. App.—Dallas
2000, no pet.).  Although the nonmoving
party is not required to marshal its proof, it must present evidence that
raises a genuine issue of material fact on each of the challenged elements. Tex. R. Civ. P. 166a(i); see Ford Motor Co. v. Ridgway, 135
S.W.3d 598, 600 (Tex. 2004).  A
no-evidence summary judgment motion may not be properly granted if the
nonmovant brings forth more than a scintilla of evidence to raise a genuine
issue of material fact on the challenged elements.  See
Ridgway, 135 S.W.3d at 600. More than a scintilla of evidence exists when
the evidence rises to a level that would enable reasonable and fair-minded
people to differ in their conclusions.  Merrell Dow Pharm., Inc. v. Havner, 953
S.W.2d 706, 711 (Tex. 1997) (quoting Burroughs
Wellcome Co. v. Crye, 907 S.W.2d 497, 499 (Tex. 1995)).  When reviewing a no-evidence summary judgment motion, we assume that all
evidence favorable to the nonmovant is true and indulge every reasonable
inference and resolve all doubts in favor of the nonmovant.  Spradlin
v. State, 100 S.W.3d 372, 377 (Tex. App.—Houston [1st Dist.] 2002, no
pet.). 

Service

In his
first issue, Gaytan argues that the trial court “lacked  jurisdiction” to grant Terry summary judgment
because “service was defective” in that he was not served with Terry’s summary
judgment motions in accordance with Texas Rule of Civil Procedure 107.  Although Gaytan acknowledges that he had
actually received and responded to Terry’s motions, he complains that the
return receipt shows that the mail room clerk at the jail in which he was
incarcerated was the person who was actually served with the summary judgment
motions.[5]

First, rule
107, and the cases cited by Gaytan in his brief, relate to the service of
citation, not the service of a summary judgment motion or other documents.  Tex.
R. Civ. P. 107.  However, it is Texas
Rule of Civil Procedure 21a that sets forth various methods of service for
motions, including summary judgment motions. 
Tex. R. Civ. P. 21a; see also Tex. R. Civ. P. 166a.  Second,
there is no dispute that Gaytan, the plaintiff who filed the petition, and
Terry, who filed her answer and her summary judgment motions, both appeared and
were properly before the trial court during the summary judgment proceedings.  Third, Gaytan admits that, even though an
employee of the jail in which he was incarcerated signed the receipt for the
summary judgment motions, Gaytan actually received them, apparently after they
were signed for by the jail employee.  In
fact, Gaytan timely filed a response to Terry’s summary judgment motions.[6]  Gaytan also filed two separate responses to
the motions asking the trial court to dismiss Terry’s motions.  In his responses, Gaytan addressed the substance
of Terry’s summary judgment arguments and argued that Terry’s summary judgment
motions should not be considered.  Moreover,
Gaytan did not complain in his responses that he had not been served with
copies of Terry’s summary judgment motions or that he had received inadequate
notice prior to the submission of Terry’s summary judgment motions.[7]  Thus, Gaytan fully participated in the trial
court’s summary judgment proceedings without objection to the method of service
of those motions.  Accordingly, we
conclude that Gaytan was in fact served with the motions, and he cannot now complain
on appeal that he was not properly served.[8]  See
Goforth v. Bradshaw, 296 S.W.3d 849,
854 (Tex. App.—Texarkana 2009, no pet.)
(stating that purpose of rule 21a “is to achieve actual notice and to set up
presumptions to use in disputes about whether notice was achieved”; determining
that even though report was served on party by regular mail, which is not
authorized by rule 21a, there was “acknowledged” and “actual delivery” of report);
Spiegel v. Strother, 262 S.W.3d 481, 482–84 (Tex. App.—Beaumont 2008, no pet.) (discussing rule 21a and holding that defendant
who acknowledged receipt of expert report through delivery to personnel at his
office and also through priority mail had been served, even though service was
not accomplished with one of methods specifically enumerated in rule 21a); Netherland v. Wittner, 662 S.W.2d 786,
787 (Tex. App.—Houston [14th Dist.] 1983,
writ ref’d n.r.e.) (holding that when appellant acknowledged timely receipt
of notice by regular mail, appellant appeared and fully participated at trial,
and appellant did not claim harm arising from notice, appellee had fulfilled
primary purposes of service under rule 21a); Hill v. W.E. Brittain, Inc., 405 S.W.2d 803, 807 (Tex. Civ. App.—Fort Worth 1966, no writ) (stating that
“service and notice in a technical sense [are] incidental where the main
purpose of obtaining the appearance of all parties and their participation is
accomplished”).

We overrule Gaytan’s first issue.

Gaytan’s Summary Judgment Responses

In his
second issue, Gaytan argues that he was denied due process of law under the
Fifth and Fourteenth Amendments to the United States Constitution and due
course of law under article 1, section 19 of the Texas Constitution because he
timely filed a response to Terry’s no-evidence summary judgment motion and this
response was not considered by the trial court. 

According to the trial court’s order,
Terry’s motion was heard on August 3, 2009. 
Gaytan’s response was dated July 15, 2009.   Nothing in the record substantiates Gaytan’s
complaint that the trial court refused to consider his response. 

To the
extent that Gaytan’s argument may be construed as a direct challenge to the
trial court’s granting of Terry’s no-evidence summary judgment motion, we note
that Terry sought summary judgment on the ground that Gaytan could produce no
evidence on any element of his fraud claim against her.  To establish a fraud claim, a plaintiff must
show that that (1) a material representation was made, (2) the representation
was false, (3) when the representation was made, the speaker knew it was false
or made it recklessly without any knowledge of the truth and as a positive
assertion, (4) the speaker made the representation with the intent that the
other party should act upon it, (5) the party acted in reliance on the
representation, and (6) the party thereby suffered injury.  In re
FirstMerit Bank, N.A., 52 S.W.3d 749, 758 (Tex. 2001).

Gaytan attached no evidence to his
response to Terry’s summary judgment motion. 
Although Gaytan referred to numerous other documents that he had
asserted were in the trial court’s records, and although he argued that these
documents evidenced Terry’s alleged fraud associated with admitting his wife’s
will to probate, none of the documents is contained in the record before
us.  Gaytan failed to present any
evidence in support of his fraud claim. 
Accordingly, we hold that the trial court did not err in granting Terry’s
no-evidence summary judgment motion.

We overrule Gaytan’s second issue.

Verification

In his third issue, Gaytan argues
that the trial court erred in granting Terry’s no-evidence summary judgment
motion because it was “not sworn or certified.”

A no-evidence summary judgment motion
need not be sworn, verified, or “certified.” 
Tex. R. Civ. P.
166a(i).  Accordingly, we hold that the
trial court did not err in granting Terry’s no-evidence summary judgment motion
on the ground that it was “not sworn or certified.”

We overrule Gaytan’s third issue.

Conclusion

          We
affirm the judgment of the trial court.

 

 

                                                                   Terry
Jennings

                                                                   Justice


 

Panel
consists of Justices Jennings, Alcala, and Massengale.











[1]
          Gaytan identifies and presents legal argument on his three issues in a
document that he has styled a “Motion to Abate.”  However, Gaytan does not request abatement of
the appeal in this document.  We have
construed this document as Gaytan’s appellant’s brief because it generally
complies with Texas Rule of Appellate Procedure 38.1.  

 





[2]
        Gaytan, in his petition, also makes reference
to the wrongful conduct allegedly committed by the executor’s “family, husband,
sons, brothers, friends, and some other relatives.”  However, nothing in the record indicates that
Gaytan ever served any defendants in the case other than Terry, and Terry is
the only appellee that appears in this appeal.

 

          We also note that Gaytan has untimely filed a
document entitled “Supplement In Support of Motion to Abate,” in which he
contends that “good cause” exists to support the filing of this
“supplement.”  On March 31, 2010, we
granted Gaytan an additional twenty days to file a supplemental or reply brief
to his original brief.  Thus, any
additional briefing by Gaytan was due to be filed in this Court on April 20,
2010.  Gaytan filed this “supplement,”
which is dated May 7, 2010, on May 10, 2010. 
Within this “supplement,” Gaytan attempts to raise additional issues and
identify John Gilpin, the attorney for Terry, as an additional appellee.  Nothing in the record indicates that Gilpin
was ever a party in the proceedings below. 
We conclude that Gaytan’s supplement, in which he seeks to raise new
issues and identify new parties to this appeal, is untimely, and we do not
consider it.  See Tex. R. App. P. 38.6,
38.7.

 





[3]           See Tex. R. Civ. P. 166a(c).

 





[4]           See Tex. R. Civ. P. 166a(i).





[5]
          Gaytan
also asserts that Terry never served Downing “according to the rules of
citation.”  As noted above, there is
nothing in the record to indicate that Gaytan served any other defendants with
citation in this suit or that any other parties ever appeared in the below
proceedings.  





[6]
          The trial court’s order granting Terry summary judgment states that
Terry’s motions were heard on August 3, 2009, rendering Gaytan’s responses,
which were signed by Gaytan on July 15, 2009 and file-stamped on July 23, 2009,
timely.  Tex. R. Civ. P. 166a.  

 





[7]
          Gaytan raised a number of other complaints in his response to Terry’s
summary judgment motions that he does not raise on appeal.  For example, Gaytan complained in his
response that he had not been properly served with citation.  

 





[8]
          As noted above, the only rule Gaytan cites is rule 107, which does not
apply.  Nevertheless, we construe
Gaytan’s brief to raise the more general complaint that Terry did not serve the
summary judgment motions in compliance with the Texas Rules of Civil Procedure.