In
The

                                                Court
of Appeals

                        Sixth
Appellate District of Texas at Texarkana

 

                                                ______________________________

 

                                                             No. 06-10-00059-CV

                                                ______________________________

 

 

                            NORTHEAST TEXAS STAFFING,
Appellant

 

                                                                V.

 

                                                LINIE RAY, Appellee

 

 

                                                                                                  


 

 

                                       On Appeal from the 62nd
Judicial District Court

                                                           Hopkins County, Texas

                                                         Trial Court
No. CV 38237

 

                                                      
                                            

 

 

 

                                          Before Morriss, C.J.,
Carter and Moseley, JJ.

                                                    Opinion by Chief Justice Morriss








                                                                   O P I N I O N

 

            In this
health care liability claim of Linie Ray, the statutorily required expert
report addressing the alleged liability of Northeast Texas Staffing to Ray was
reportedly mailed by regular mail accompanying a letter dated August 3,
2009.  Counsel for Northeast Texas
Staffing acknowledged receipt of the letter. 
The trial court refused to dismiss the claim.  We affirm the ruling of the trial court.

            The question
in this interlocutory appeal is whether, under the particular facts presented,
Ray’s health care liability claim must have been dismissed.  Northeast Texas Staffing claims that, under
Section 74.351 of the Texas Civil Practice and Remedies Code, the trial court
was required to dismiss Ray’s claim.[1]  See Tex. Civ. Prac. & Rem. Code Ann. §
74.351 (Vernon Supp. 2010).  We disagree.

            We review
under an abuse of discretion standard a trial court’s ruling on a motion to
dismiss for failure to file an expert report.  See Am.
Transitional Care Ctrs. of Tex., Inc. v. Palacios, 46 S.W.3d 873, 877 (Tex.
2001).  An abuse of discretion occurs when
a trial court acts in an arbitrary or unreasonable manner or without reference
to any guiding rules or principles.  See
Moore v. Sutherland, 107 S.W.3d 786, 789 (Tex. App.—Texarkana 2003, pet.
denied).  A trial court will be deemed to
have acted arbitrarily and unreasonably if it could have only reached one
decision, yet reached a different decision.  Teixeira v. Hall, 107 S.W.3d 805, 807
(Tex. App.—Texarkana 2003, no pet.).

            Northeast
Texas Staffing’s motion to dismiss alleged that the expert report had not been
timely served in compliance with Rule 21a of the Texas Rules of Civil
Procedure.  See Tex. R. Civ. P.
21a.  Ray’s attorney represented in his
response to the motion to dismiss and on the record during the resulting
hearing that the expert report had been mailed by regular mail to Northeast
Texas Staffing’s attorney as an attachment to an August 3, 2009, letter and
that Northeast Texas Staffing’s attorney expressly acknowledged receipt of the
August 3 letter in a subsequent letter.[2]  At the hearing, Ray’s attorney testified[3]
as follows:

            Your Honor, I believe -- I believe
the spirit of the rule is that the Defendant have notice of the expert reports
in the medical authorization.  We sent
the medical reports and medical authorization. 
We sent them.  This is attached to
our response August 3rd, 2009 in my letter.

 

            And
in my letter I ask him do you represent a lady by the name Kitty Stryker.  I also tell him that here I am -- we’re
enclosing the copies of the initial medical authorization we transmitted to the
other party and the expert reports.

 

            We did not send that certified
mail.  We sent it through the United
States mail, and we sent a copy with enclosures to the clerk, and we sent a
copy to Mr. Cawthorn.  I received a
letter back from this gentleman -- by the way, we have done discovery on the
case.  I received a letter dated June 26,
2009.  However, that was a mistake.  It was faxed to me on August 7 -- on August
6, 2007 or August 7, 2009, excuse me. 
And the letter says, in response to your August 3rd, 2009 letter, please
be advised I do represent Kitty Stryker in connection with the above
matter.  Thank you.  Contact me if you have any questions.  

 

            Well, I think there’s no question he
received the letter of August 3rd by virtue of his letter of August 7 when he
says he received the letter.  If he
received the letter he should have received the expert reports.  Expert reports and medical authorization are
to put them on notice of what we had. 
They were on notice.  There’s no
question they received them.

 

            If he didn’t receive them because
they weren’t submitted with my letter, then it wouldn’t have shown -- says, cc
is by certified mail, courier, or anything else.  It would have just been a cover letter with
attachments.  It doesn’t say what’s in
the attachments.  We feel like that we’re
gagging at a gnat and swallowing the camel.

 

Northeast Texas Staffing did not introduce any evidence
contradicting the testimony of Ray’s attorney. 
The trial court took the motion under advisement and later sent a letter
to the parties denying Northeast Texas Staffing’s motion to dismiss. 

            After the
hearing, the trial court denied the motion to dismiss.  Northeast Texas Staffing’s sole issue on
appeal is that the trial court abused its discretion by denying its motion to
dismiss because Ray did not use any of the methods of service authorized by
Rule 21a of the Texas Rules of Civil Procedure.

            “Under
Section 74.351 of the Texas Civil Practice and Remedies Code, ‘service’ of
expert reports and CVs means the same thing as ‘service’ under Rule 21a of the
Texas Rules of Civil Procedure.”  Goforth v. Bradshaw, 296 S.W.3d 849, 853
(Tex. App.—Texarkana 2009, no pet.). 
Rules 21 and 21a of the Texas Rules of Civil Procedure provide for
notice that is less formal than service of citation.  Tex.
Natural Res. Conservation Comm’n v. Sierra Club, 70 S.W.3d 809, 813 (Tex.
2002); Spiegel
v. Strother, 262 S.W.3d 481, 483 (Tex. App.—Beaumont 2008, no pet.).  In rejecting the argument that strict
compliance with the methods of service provided in Rule 21a is required by the
statute in all cases, the Beaumont Court of Appeals held:  “When attempted service pursuant to Rule 21a
achieves actual timely delivery to the proper party in a manner that
accomplishes the objective of the rule, and no harm is shown, courts have found
adequate service.”  Spiegel, 262 S.W.3d at 484.  This Court agreed in Goforth. 
Goforth, 296 S.W.3d at 853.  The issue in this appeal is whether the rule
announced in Goforth—that adequate
service can occur when a method not in compliance with Rule 21a results in
actual timely delivery and there is no harm shown—applies only when a defendant
acknowledges receipt of the expert report.

            Northeast
Texas Staffing argues that Goforth is
distinguishable from this case because the defendant in Goforth acknowledged receipt of the report, itself.  Northeast Texas Staffing would have us limit Goforth to situations in which the
defendant acknowledges receipt of the report before the statutory
deadline.  But, there is no discernible
difference between a party’s acknowledgment of receipt of a document and proof
of receipt in some other fashion—here, acknowledgment of receipt of a letter purportedly
transmitting the report in question.  The
purpose of service is to provide “the defendant timely notice of the conduct
called into question in the medical negligence suit.”  Spiegel,
262 S.W.3d at 485. 
When the primary purpose of Rule 21a—actual notice—has been
accomplished and no harm has been shown, Texas courts have refused to find
error.  See Goforth, 296 S.W.3d
at 853; Spiegel, 262 S.W.3d at 485; Butler v. Taylor, 981 S.W.2d 742, 743
(Tex. App.—Houston [1st Dist.] 1998, no pet.) (“We
believe that appellant has fulfilled the primary purpose of the statute.”); Netherland v. Wittner, 662 S.W.2d 786,
787 (Tex. App.—Houston [14th Dist.] 1983, writ ref’d n.r.e.) (“We believe
appellee fulfilled the primary purpose of Rule 21a, and thus, has adequately
complied with it.”); Hill v. W. E. Brittain, Inc., 405 S.W.2d 803, 807 (Tex. Civ.
App.—Fort Worth 1966, no writ) (“The purpose of
the rules relating to service and notice is to make reasonably certain that all
parties to a suit are notified as to the date and time the court has set their
matter down for hearing and determination.”).

            Northeast
Texas Staffing also argues a certificate of service is required.  While a certificate of service in compliance
with Rule 21a of the Texas Rules of Civil Procedure would create a presumption
of service,[4] the effect of
the absence of a certificate is that service is not presumed.  See
Goforth, 296 S.W.3d at 854.  The absence of a certificate does not prevent
a party from establishing that service was conducted.  Id.

            Northeast
Texas Staffing further argues that there was no evidence that the reports were
included with the letter.  “The judge has
the power and the duty to weigh the evidence, draw inferences and make
reasonable deductions from the evidence. . . .” 
Qantel Bus. Sys., Inc. v. Custom
Controls Co., 761 S.W.2d 302, 306 (Tex. 1988).  The trial court’s conclusion that Northeast
Texas Staffing received the expert report was a reasonable deduction from the
direct evidence that the expert report had been placed in the mail as an
attachment to a letter and Northeast Texas Staffing’s acknowledgment that it
had received the letter.

            Northeast
Texas Staffing finally argues that Ray’s counsel “further recognized the
possibility that in fact, he had failed to enclose the reports in the letter.”  To the extent the testimony of Ray’s attorney
could be interpreted as recognizing this possibility,[5]
it was within the trial court’s discretion to resolve the internal
contradictions of the testimony as with any witness.  A trial court is permitted to “believe or
disbelieve all or part of” a witness’ testimony.  Id.

            While the
evidence here does not conclusively establish that the expert report was
received, the trial court did not abuse its discretion in finding actual,
timely service of the report.  The
testimony of Ray’s attorney provides some evidence of actual delivery, and it
is not contradicted.  There is sufficient
evidence to support a finding of actual receipt of the expert report and of no
harm from the failure to serve notice by registered or certified mail.  The trial court did not abuse its discretion
in denying the motion to dismiss.

 

            For the
reasons stated, we affirm.[6]

 

 

 

                                                                                    Josh
R. Morriss, III

                                                                                    Chief
Justice

 

Date Submitted:          November
18, 2010

Date Decided:             November
23, 2010

 

 

 











[1]In
a previous interlocutory appeal brought by a different defendant, this Court
concluded that Ray’s claim—for injuries from falling out of a hospital bed or
falling while rising from the bed—constituted a health care liability claim.  See
Hopkins County Hosp. Dist. v. Ray, No. 06-08-00129-CV, 2009 Tex. App. LEXIS
1269 (Tex. App.—Texarkana Feb. 24, 2009, no pet.) (mem. op.); see also Marks v. St. Luke’s Episcopal Hosp.,
319 S.W.3d 658 (Tex. 2010) (fall caused by defective hospital bed is health care liability
claim).





[2]The
August 3, 2009, letter states, “we are enclosing a copy of . . . Expert Reports”
and notes that the letter has “enclosures.” 
Ray’s response to the motion to dismiss also attached a letter from
Northeast Texas Staffing’s attorney stating, “In response to your August 3,
2009 letter . . .”  Neither of these
letters were accompanied by a self-proving affidavit, such as a business
records affidavit, or offered as evidence at the hearing.  It is not necessary for us to decide whether
these letters constitute admissible evidence. 
The evidence presented by Ray’s attorney at the hearing is not
contradicted.

 





[3]We
note the testimony of Ray’s attorney was not under oath, but was made in open
court, on the record, and without objection. 
The general rule is that an attorney’s statements must be under oath to
constitute evidence.  Banda v. Garcia, 955 S.W.2d 270, 272
(Tex. 1997).   However, such error is
waived by failure to object when the opponent knew or should have known an
objection was required.  Id.; Russ
v. Titus Hosp. Dist., 128 S.W.3d 332, 338 (Tex. App.—Texarkana 2004, pet.
denied); Sutherland,
107 S.W.3d at 793; Knie v. Piskun,
23 S.W.3d 455, 463 (Tex. App.—Amarillo 2000, pet. denied).  Similar to Banda,
Knie, Russ, and Sutherland, the
evidentiary nature of the statements was obvious.  Ray’s attorney was clearly attempting to
prove the expert report had been served. 
If Northeast Texas Staffing had an objection to the statements not being
under oath, it was on notice that an objection was required.  We conclude the failure of defense counsel to
object waived the requirement that the statement be made under oath.  The statements made by Ray’s attorney in open
court on the record do qualify as evidence.





[4]Mathis v. Lockwood, 166 S.W.3d 743, 745 (Tex.
2005).





[5]Ray’s
attorney testified:  “If he didn’t
receive them because they weren’t submitted with my letter, then it wouldn’t
have shown -- says, cc is by certified mail, courier, or anything else.  It would have just been a cover letter with
attachments.  It doesn’t say what’s in
the attachments.”  While this statement
could be interpreted to suggest the possibility exists, such an interpretation
would be inconsistent with the earlier testimony that the expert report was
attached to the letter.  Further, this
statement could be interpreted differently.

 





[6]Northeast
Texas Staffing requests 

 

should
the Court determine that Plaintiff has complied with Section 74.351(a)’s
service requirement and timely served the expert reports on Defendant Northeast
Texas Staffing, Defendant Northeast Texas Staffing respectfully requests that
the Court grant Defendant a reasonable opportunity to file objections to the
sufficiency of the reports as contemplated by the statute.  

 

Northeast Texas Staffing did not object to the
sufficiency of the report in the trial court. 
Any error has not been preserved for appeal.  Tex.
R. App. P. 33.1.  Further, the sufficiency of the expert report
has not been briefed by Northeast Texas Staffing in this appeal.  Last, Northeast Texas Staffing should not be
permitted to file an amended brief at this late date—after the issuance of our
opinion.  The service date establishes a
twenty-one day time period for the defendant to object to the sufficiency of
the report.  See Tex. Civ. Prac.
& Rem. Code Ann.
§ 74.351(a); Spiegel, 262 S.W.3d at
485.  Northeast Texas Staffing made the
tactical decision to not contest the sufficiency of the report and must accept
the consequences that follow from that tactical decision.  It is not our role to rescue Northeast Texas
Staffing merely because their original strategic approach has proven
unsuccessful.  We deny Northeast Texas
Staffing’s request to be allowed, at this late date and in this appeal, to file
objections to the sufficiency of the expert report.